Minnie M. CLANTON, et al., Appellants,

v.

Lee CLARK, Temporary Administrator,
Appellee.

No. 21024.

Court of Appeals of Texas,
Dallas.

March 23, 1982.

Rehearing Denied April 14, 1982.

Stephen F. Hefner, Sherman, for appellants.

Keith Brown, Sherman, for appellee.

Before ROBERTSON, STOREY and GUILLOT, JJ.

PER CURIAM.

This appeal is from an order dismissing a will contest for failure to file a bond for costs pursuant to Tex.R.Civ.P. 143 and an agreed pretrial order. Essentially, contestants complain that the court abused its discretion in requiring a bond for costs, and in dismissing the case when contestants' bond was late. Appellant also contends that appellee's bond is not in proper form. We affirm.

The court signed its pretrial order January 14, 1981, and an amended order January 22, 1981. Both ordered applicant and contestants to file security for costs by February 6, 1981, and recited that attorneys for both applicant and contestants agreed to the provisions of the order. Contestants failed to file their bond and the court dismissed the contest. Contestants complain that the court erred in dismissing because they had no option to file cash deposit for costs pursuant to Tex.R.Civ.P. 146. Contestants ordinarily have an option either to file an open-ended cost bond or to file a cash deposit for costs. *Buck v. Johnson*, 495 S.W.2d 291, 298 (Tex.Civ.App.—Waco 1973, no writ). In this case, however, they overlook the fact that they agreed to file a bond, and hence exercised the option that they ordinarily would have. Even assuming this option was retained, they never filed or attempted to file a cash deposit for costs. No abuse of discretion is shown.

Contestants also complain that they did not "fail and refuse" to file their bond, but were merely "detained" and proposed to file a bond after the dismissal of their case as part of their motion and amended motions to set aside the dismissal. The

bond that contestants have presented in each of their motions is not, however, an open-ended bond, but is limited in amount to $1,000. A bond for a specified amount will not satisfy Tex.R.Civ.P. 143: the bond of a party seeking affirmative relief must be an open bond to secure payment of whatever costs might accrue. *Dilmore v. Russell*, 519 S.W.2d 278 (Tex.Civ.App.—Dallas 1975, no writ); *Mosher v. Tunnell*, 400 S.W.2d 402 (Tex.Civ.App. Houston 1966, writ ref'd n. r. e.). We overrule this point.

Contestants also complain of the sufficiency of applicant's bond because it does not authorize judgment against all obligors as required by Tex.R.Civ.P. 144. To the contrary, the bond, in no uncertain terms, obligates the applicant, as principal, and Paul and Keith Brown, as sureties, to pay all costs that have accrued or will accrue. This bond is in proper form.

Affirmed.