**David Mark WINFIELD, Relator,**

**v.**

**The Honorable Allen J. DAGGETT, Judge of the 310th District Court of Harris County, Texas, Respondent.**

**No. 01–92–01097–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1993.

David J. Sacks, Tom Alexander, Linda Marshall, Houston, for relator.

Earle S. Lilly, Houston, for respondent.

Before MIRABAL, PRICE [1] and COHEN, JJ.

## OPINION

COHEN, Justice.

Relator, David Mark Winfield, petitions this Court to issue a writ of mandamus to compel respondent, the Honorable Allen J. Daggett, Judge of the 310th District Court, to either recuse himself or refer relator's

motion to recuse to the Honorable Judge Thomas J. Stovall, Presiding Judge of the Second Administrative Judicial District.

The real party in interest, Sandra Renfro (Renfro), filed various claims against Winfield including claims of common-law marriage, putative marriage, paternity, divorce, and marital and nonmarital torts in the 310th District Court.

On March 29, 1990, Judge Daggett signed a final judgment finding the existence of a common-law marriage. Upon Winfield's appeal, we reversed and remanded the case for a new trial. *Winfield v. Renfro*, 821 S.W.2d 640, 653 (Tex.App.— Houston [1st Dist.] 1991, writ denied). The mandate issued July 20, 1992.

On October 9, 1992, Winfield moved to recuse Judge Daggett. No hearings were scheduled at that time. Nevertheless, Judge Daggett, without holding a hearing, denied the motion on the ground that it was not timely filed and simultaneously set the case for trial on December 14, 1992. Winfield asserts in his brief, and Renfro does not dispute, that Judge Daggett later stated from the bench the case was off the trial docket.

Winfield asserts Judge Daggett violated his clear duty under rule 18a of the Texas Rules of Civil Procedure and abused his discretion in not recusing himself or referring the motion to the presiding judge of the Second Administrative Judicial District.

Rule 18a(a), (c), (d), and (f) of the Texas Rules of Civil Procedure provide:

(a) At least ten days before the date set for trial or other hearing ... any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. The presiding judge of the administrative judicial district shall immediately set a

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at   Houston, sitting by assignment.

hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

(f) If the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment....

■ Mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Both rule 18a and Tex.Gov't Code Ann. § 74.059(c)(3) (Vernon 1988) make it clear that once Judge Daggett refused to recuse himself, he had a duty to forward the motion to the presiding judge of the administrative judicial district. He refused to do so. Thus, he violated a duty imposed upon him by law.

■ Renfro argues that because Winfield filed his motion after trial, it was not timely. However, once a new trial is granted, a case stands upon the docket as if it had not been tried. *State Dep't. of Highways & Public Transp. v. Ross,* 718 S.W.2d 5, 11 (Tex.App.—Tyler 1986, no writ). Here the motion to recuse was filed October 9, 1992, at a time when no hearing was set nor trial date assigned. Thus, the motion was filed more than 10 days before the date set for trial, or other hearing, making it timely under Tex.R.Civ.P. 18a(a). *See also CNA Ins. Co. v. Scheffey,* 828 S.W.2d 785, 793 (Tex.App.—Texarkana 1992, writ denied) (the parties' motion to recuse, which was filed before the hearing on the motion for new trial, was timely even though it was subsequent to the trial and judgment in the case).

■ Sections (d) and (f) of Tex.R.Civ.P. 18a and Government Code section 74.-059(c)(3) clearly contemplate a hearing will be held on a motion to recuse. This would afford the movant an opportunity to develop a record regarding his motion to recuse. Section (f) provides that if the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. Because the motion has not been referred for a hearing to the administrative judge or another judge designated by him, Winfield has not had an opportunity to develop a record on his recusal motion. Without a record, Winfield has no adequate remedy by appeal. *See* Tex.R.App.P. 50(d) (burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal).

We are confident Judge Daggett will set aside his order of October 20, 1992, denying recusal and either recuse himself or refer Winfield's motion to the regional presiding judge for a hearing. If he does not, the writ will issue.