Arthur JOHNSON, Relator,

v.

The Honorable Bradley SMITH, Judge of the 164th District Court of Harris County, Texas, and the Honorable David West, Judge of the 269th District Court of Harris County, Texas, Respondents.

No. 01–92–00137–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1993.

Rehearing Denied June 9, 1993.

Arthur Johnson, pro se.

Mike Driscoll, County Atty., Joan Denton, Asst., Houston, for respondents.

Before DUGGAN, O'CONNOR and DUNN, JJ.

## OPINION ON MOTION
## FOR REHEARING

DUNN, Justice.

We withdraw this Court's opinion of April 2, 1992, which overruled relator's motion for leave to file petition for writ of mandamus, and substitute this opinion. The Court today considered the motion for rehearing of Arthur Johnson, relator, on his motion for leave to file petition for writ of mandamus.

### Relator's Complaints

The following is a summary of Johnson's complaints:

1. Johnson claims he filed a motion for recusal of Judge West on November 11, 1991. Johnson claims he was denied a hearing after asking for the hearing to be recorded and for a court reporter to transcribe the hearing in the cause of *Johnson v. Alamo Express*, No. 89–06337. Johnson also claims he was denied his rights in three prior hearings.

2. He alleges Judge West refused to let Johnson "in" certain cases for rehearing.

3. He complains that West refused to allow him a motion for rehearing on his affidavit of inability and failed to reinstate the cause.

4. Johnson claims that on December 21, 1991, Judge West denied him of his due process rights by having his claims removed from other courts, putting cost bonds on these claims, and entering his own orders to dismiss Johnson's claims. Johnson asserts he was denied an appeal from dismissal of these claims.

5. Johnson states that he filed a motion for a hearing in cause number 89–06337, *Johnson v. Alamo Express*, in the 281st District Court, on his motion to strike the answers of defendants for failure to answer his request for discovery. He alleges the clerk set a date and time for hearing, which the court cancelled. Johnson claims the court's acts in cancelling the hearing were false and misleading and were without his knowledge or consent.

6. Johnson asserts he asked Judge Moore for a court reporter, but Judge Moore stated he would not allow a pro se person to record or transcribe the hearing. Johnson claims he moved to have Judge Moore recused.

7. He complains of Judge P.K. Reiter, who Johnson says was to hear a recusal motion.

8. Johnson states he became aware on December 23, 1991, of acts to defraud him of his claims. He filed a motion for rehearing and reinstatement. He claims Judge Reiter and Judge West stated they were going to see that all of Johnson's claims were dismissed.

9. He asserts Judge West had the district clerk return all motions he filed and forbad Johnson from filing any papers or motions. Johnson claims these acts deny him access to the court system and deprive him of due process.

First, we note that the record before us does not contain many of the exhibits that are necessary to evaluate whether Johnson is entitled to relief on his claims. TEX. R.APP.P. 121(a)(2)(C). We have no certified or sworn copy of Judge Smith's, Judge Reiter's, or Judge Moore's refusal to grant a hearing or to recuse. Johnson states that Judge Smith initialed his denial; however, we have not been furnished a copy of the order of which Johnson complains. Johnson does not state that any of the judges denied relief but refused to enter a written order of denial. We do not have an order transferring Johnson's causes of action to Judge West's court. We have only one order of dismissal from the causes of action on which Judge West imposed costs. Thus, we are unable to reach the question of whether Judge Smith or Judge West abused their discretion in regard to relator's complaints for which no orders or transcripts of proceedings were submitted to this Court. *Id.*[1] We, therefore, confine our review to documents that are before us for purposes of this original proceeding.

The documents before this Court include (1) Johnson's motion for recusal of Judge West in cause numbers 88–44456, 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289; (2) an order entered by Judge West refusing Johnson's motion of recusal and referring the cause of action to the administrative judge for further resolution; (3) orders imposing costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289; and (4) an order of sanctions and dismissal entered on February 6, 1992, by Judge West in cause number 91–30289. In addition, the record contains an order sustaining the district clerk's contest to Johnson's affidavit of inability in cause number 92–01469, which was entered by Judge West on January 21, 1992; a default judgment signed by Judge Charles Sherrill in cause number 84–46546, on December 3, 1990; a docket sheet from cause number 88–44456; notices sent to Johnson about hearings on motions for costs in cause numbers 88–44456, 89–06337, 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289. We do not have an order imposing costs in cause number 88–44456.

## Standard of Review

Under the standard articulated by the Texas Supreme Court in *Walker v. Packer,* 827 S.W.2d 833, 839–40, 840–844 (Tex.1992), we must determine whether Judge West abused his discretion in denying the motion to recuse and in entering the orders for costs and for sanctions and dismissal. In addition, we must determine whether relator demonstrated that he has no adequate remedy by way of appeal from the order imposing sanctions and for dismissal. *Id.*

## Recusal

The record before us shows that Johnson was notified by letters dated January 7, 1992, that a rule for costs hearing would be held on motion by court regarding cause numbers 88–44456, 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289, which were pending in various Harris County courts. The hearing was to be held on January 21, 1992, in the 269th District Court, of which Judge West is the presiding judge.[2]

Johnson filed the motion of recusal on January 16, 1992, in cause numbers 88–44456, 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289. Rule 18a(a) states:

*At least 10 days before the date set for trial or other hearing in any court* other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.

TEX.R.CIV.P. 18a(a) (emphasis added). Johnson's motion of recusal was filed only five days before the hearing on the motions

---

1. Judge Moore and Judge Reiter were not named respondents in this mandamus proceeding.

2. We note that Judge West is not the presiding judge of the various courts in which the orders

for costs were entered. Under the Texas Constitution, district judges "may exchange districts or hold courts for each other when they may deem it expedient." TEX. CONST. art. V, § 11.

for costs. Thus, the motion of recusal was untimely filed.

■ On January 21, 1992, Judge West entered orders that required Johnson to pay costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289. At the time he entered the orders imposing costs, Judge West had not yet ruled on the motion for recusal. Judge West denied the motion for recusal on January 22, 1992.

Rule 18a(d) states:

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

TEX.R.CIV.P. 18a(d). Thus, we must determine whether Judge West abused his discretion by entering the orders for costs after the motion to recuse was filed and prior to a hearing thereon.

Once a litigant fails to comply with requisite time periods under the rule, the mandatory provisions of that rule do not come into play. *Petitt v. Laware,* 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Due to Johnson's late filing, Judge West was not obligated to either rule on the motion to recuse or to forward the motion for hearing by another judge. In addition, he was not bound by the provisions of the rule that prohibit a judge from taking further action in a cause for which a motion to recuse has been filed.

Because relator failed to comply with the 10–day notice provisions of rule 18a, he cannot complain about denial of the motion to recuse. As such, we hold Judge West did not abuse his discretion in denying the motion to recuse.

### Costs

■ We next address whether Judge West abused his discretion in imposing orders for costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289. Rule 143 provides:

A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed.

TEX.R.CIV.P. 143. The orders for costs that are before us were entered on the court's own motion. Each order requires Johnson to post a bond to secure costs in the amount of $5,000. Each order states that Johnson's claim for relief will be dismissed if Johnson fails to comply with the order on or before 20 days after notice of the entry of the order. The orders for costs were entered on January 21, 1992, in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289.

Judge West's orders for costs run afoul of this Court's ruling in *Mosher v. Tunnell,* 400 S.W.2d 402, 403 (Tex.Civ.App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.). In *Mosher,* we held that rule 143 authorized the trial court to require a party to post security for costs that had **accrued,** but did not authorize the court to fix a **specific amount** of a bond for **anticipated** costs of the trial. *See Clanton v. Clark,* 635 S.W.2d 567, 568 (Tex.App.—Dallas 1982), *aff'd,* 639 S.W.2d 929 (Tex.1982) (bond of party seeking affirmative relief must be an open bond to secure payment of whatever costs might accrue).

The orders imposing costs do not provide the orders were entered to require Johnson to post security for costs that had accrued in the various lawsuits. Nor do the orders require Johnson to post an open bond for anticipated costs of the trials. Rather, the orders provide that Johnson must post a finite amount as security for costs in each lawsuit he filed "for abuse of the legal system and processes of the court." As such, the orders do not pass muster under

this Court's interpretation of rule 143, as stated in the *Mosher* case. 402 S.W.2d at 404. We hold Judge West abused his discretion in entering the orders for costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289.

### Sanctions and Dismissal

The order of sanctions and dismissal, which Judge West entered on February 6, 1992, in cause number 91–30289, recites, in relevant part:

On the 6th day of February, 1992 came on to be heard in open court Defendants' Motion for Sanctions and Defendants' Motion to Dismiss after notice to Plaintiff. The court notes from the records of the U.S. Postal Service that Mr. Johnson has consistently refused to accept certified mail deliveries of any kind or nature ... The court was presented with uncontroverted evidence of the fact that Mr. Johnson ... has filed over fifty (50) lawsuits pro se in Harris County courts and in the U.S. Federal District Court for the Southern District of Texas. Further, Mr. Johnson has violated direct orders of the judge of Harris County Civil Court at Law # 2 not to file any further pleadings without payment of sanctions in the above matter which is pending also in that court, CA No. 570480. The Court finds that the filing of this suit in this court was a bald face attempt to circumvent the orders of the Court in Cause No. 570480 and is another example of Mr. Johnson's abuse of the court processes for ulterior motives at great expense to the litigants and to the County of Harris. The court finds that Mr. Johnson is unmoved by normal court orders and that his actions are an impediment to the administration of justice in Harris County. Therefore, it is

[Paragraph I] ORDERED, ADJUDGED AND DECREED Arthur Johnson ... shall pay the sum of $15,000 to Barry Boorstein, Kenneth Block and Brenda Williams as a sanction for abuse of the court process, violation of Texas Rules of Civil Procedure 21b and 13, and for violation of direct court orders. The sanctions are further assessed under this court's inherent authority to protect the administration of Justice in Harris County. It is further

[Paragraph II] ORDERED, ADJUDGED AND DECREED that the above cause is DISMISSED WITH PREJUDICE AS TO ALL PARTIES; and it is further

[Paragraph III] ORDERED, ADJUDGED AND DECREED that Arthur Johnson ... shall file no further pleadings or other filings in Harris County Civil District Courts until the sanctions hereinabove decreed are paid in full; and it is further

[Paragraph IV] ORDERED, ADJUDGED AND DECREED that the District Clerk of Harris County, Texas shall accept no further filings of any kind of Arthur Johnson ... without prior written leave of the 269th Judicial District Court of Harris County; and it is further

[Paragraph V] ORDERED, ADJUDGED AND DECREED that a copy of this Order shall be visibly posted inside the confines of the Harris County District Clerk's Office on the First Floor of the Harris County Courthouse....

Johnson asserts Judge West abused his discretion in entering these orders and that he is unable to pursue an adequate remedy by way of appeal.

### Sanctions under Rules 13 and 21b

The order recites that sanctions were imposed for (1) abuse of the court process, (2) violation of Texas Rules of Civil Procedure 13 and 21b, and (3) violation of direct court orders. Rule 13 states, in pertinent part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment ... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate

sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.

No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

Rule 13 affords a court the option of imposing sanctions for pleadings, motions, or other papers signed in violation of the prohibition against filing documents that are groundless and brought in bad faith or groundless and brought for the purpose of harassment. A court that imposes sanctions under rule 13 must state the particulars of what constituted "good cause" in the sanction order. Rule 13 allows the court to impose an appropriate sanction available under rule 215(2)(b).

Rule 21b provides:

If any party fails to *serve on or deliver to the other parties* a copy of any pleading, plea, motion, or other application to the court for an order in accordance with Rules 21 and 21a, the court may in its discretion, after notice and hearing, impose an appropriate sanction under Rule 215–2b.

(Emphasis added.) Rules 21 and 21a address the filing and serving of pleadings and motions and methods of service. Rule 21b also allows a court to impose appropriate sanctions under rule 215(2)(b).

In the present case, Judge West stated in the order imposing sanctions that Johnson refused **to accept** certified mail deliveries; that he filed over 50 lawsuits pro se in Harris County courts and in federal courts; and that he violated direct orders of the judge of Harris County Civil Court at Law Number Two. Judge West found that Johnson abused the court processes and was "unmoved" by normal court orders, making Johnson's actions an "impediment to the administration of Justice in Harris County."

In order for Judge West to act within his discretion to impose sanctions under rule 13, he must state with particularity, as provided in rule 13, good cause for finding that Johnson's pleadings were groundless and not brought in good faith or groundless and brought for purposes of harassment.

■ Rule 21b does not address imposition of sanctions for failure **to accept** pleadings and motions. A failure **to accept** certified mail is not a reason for assessing sanctions under rule 21b.

Neither rule 13 nor rule 21b allows a court to impose sanctions for the reasons stated in Judge West's order, including failure to accept certified mail or for filing lawsuits pro se. Further, we are unable to locate any authority for Judge West to impose sanctions, in a cause of action proceeding in his court and while sitting as presiding judge in his court, for Johnson's refusal to obey the orders of another court entered in a cause of action proceeding in the other court. We hold Judge West did not comply with the requirements for imposing sanctions under rule 13 or rule 21b and, thereby, abused his discretion.

### Penalties under Rule 215(2)(b)

■ Rule 215(2)(b) of the Texas Rules of Civil Procedure includes a laundry list of sanctions that may be imposed by a trial court and is titled, "Sanctions by Court in Which Action is Pending." The rule allows the court in which the action is pending to "make such orders in regard to the failure as are just." In order to comply with rule 215(2)(b), therefore, the court may impose sanctions only for conduct that occurs relative to a cause of action pending in that judge's court. The court may not attempt to enforce, by imposition of sanctions, the order of another trial court while he is sitting as presiding judge of his own court.

■ The other requirement set forth in rule 215(2)(b) is that the order must be "just." The Texas Supreme Court clarified this term in the case of *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). In *TransAmerican*, the supreme court stated that whether an imposition of sanctions is "just" is measured

by two standards. First, there must be a direct relationship between the offensive conduct and the sanction imposed. *Id.* at 917. Second, the sanction must not be excessive. "The punishment should fit the crime." *Id.*

Though Judge West refers to "this court's inherent authority to protect the administration of Justice in Harris County," we are unable to ascertain the authority for the portion of his order of sanctions and dismissal that forbids relator from filing any further pleadings or other filings in Harris County civil district courts until relator pays $15,000 in sanctions and forbids the district clerk of Harris County from accepting further filings of any kind from relator, without prior written leave of the 269th Judicial District Court of Harris County. This Court is unable to determine how any litigant may be denied the opportunity to file papers with the district clerk or with a trial court without offending the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13. Such an order cannot be viewed as "just."

■ Further, the order effectively precludes Johnson from appealing any of the orders of which Johnson complains from a final judgment. If the drafters of rule 215 intended to allow interference with the appellate process, they would not have included the final sentence of rule 215(2)(b)(8), which states: "Such an order shall be subject to review on appeal from the final judgment." *See Lehtonen v. Clarke,* 784 S.W.2d 945, 948 (Tex.App.—Houston [14th Dist.], writ denied). We hold that Johnson has no adequate remedy at law.

In the present case, we treat Judge West's action in imposing sanctions under rules 13 and 21b in accordance with the standard set forth in *Walker v. Packer* for review of a legal conclusion. 827 S.W.2d at 840. Judge West imposed sanctions on Johnson for his alleged violation of orders entered by the judge of the Harris County Court at Law Number Two, in cause number 570480, and for Johnson's failure to accept mail and for his propensity to file lawsuits pro se. We hold Judge West had no discretion under rules 13 or 21b to impose sanctions for violation of orders of another court while sitting as presiding judge of his court, for failure to accept mail, or for filing lawsuits pro se. We hold Judge West abused his discretion in entering the order of sanctions and dismissal.

Accordingly, we grant the motion for rehearing and order relator's petition for writ of mandamus filed. We conditionally grant the writ of mandamus, in part, and order Judge West to vacate the orders for costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289, and of sanctions and dismissal entered in cause number 91–30289. We also order Judge West to vacate any orders of dismissal entered pursuant to the orders for costs in cause numbers 89–06338, 89–09981, 90–00550, 91–23037, and 91–30289.

In all other respects, relief is denied.

We are confident Judge West will comply with the order of this Court. The writ of mandamus will issue only if he fails to do so.

O'CONNOR, Justice, concurring.

Arthur Johnson, an indigent, filed a petition for writ of mandamus complaining about actions of Judges David West and Bradley Smith. Mr. Johnson is involved as a pro se litigant in a number of lawsuits. Mr. Johnson claims that on November 12, 1991, he asked for a court reporter to transcribe a hearing in cause number 89–06337, which request Judge West denied.[1]

On January 16, 1992, Mr. Johnson filed a motion to recuse Judge West in the 269th District Court of Harris County from his cases. The record contains an order dated January 22, 1992, signed by Judge West refusing to recuse himself and referring

---

1. The majority states that we do not have many of the documents necessary to evaluate Mr. Johnson's claims. For example, the majority states that we do not have a written order by Judge Smith refusing to give Johnson a hearing.

Considering that Judge Smith did not enter a formal order overruling the motion to recuse Judge West (he merely initialed Johnson motion "denied"); it is not likely he signed a formal order refusing a hearing.

the matter to the administrative judge for further resolution.

On January 21, 1992, the day before Judge West refused to recuse himself, Judge West signed a series of orders that required Mr. Johnson to post cost bonds in each case for $5,000 or $10,000. In cause numbers 88–44456, 89–06337, 89–09981, and 90–00550, Mr. Johnson is required to post a $10,000 cost bond; in cause numbers 89–06338, 91–23037, and 91–30289, Mr. Johnson required to post a $5,000 cost bond. The total bond requirement is $55,000. Mr. Johnson claims in his petition for mandamus that Judge West actually signed other orders that require him to post $60,000 in bonds.

Using the order in cause number 89–06338 as an example, the orders state:

> On January 21, 1992 came on to be heard in the above-entitled and numbered proceeding the Court's own Motion for rule for Costs pursuant to Rule 143, Texas Rules of Civil Procedure. The Court, having heard the testimony of the Plaintiff *pro se,* and having reviewed the pleadings and proceedings in this cause does hereby find that a Rule for Costs is appropriate for abuse of the legal system and processes of the Court.
>
> IT IS ACCORDINGLY ORDERED that ARTHUR JOHNSON, Plaintiff in the above-entitled and numbered cause of action, be and he is hereby ruled to give security for costs accruing in this suit in the amount of $5,000 for defendants, Jack Swisher & Associates, Jack Swisher, DBA Jack Swisher and Associates), and Virginia Riggs.
>
> IT IS FURTHER ORDERED that on or before twenty (20) days after notice of the entry of this Order, the Plaintiff, ARTHUR JOHNSON shall post a bond to secure the costs in this proceeding in the amount of FIVE THOUSAND AND NO/100 ($5,000) DOLLARS. If ARTHUR JOHNSON fails to comply with this Order, his claim for relief in the above-entitled and numbered cause shall be dismissed with prejudice to reinstatement.

SIGNED on this 21 day of January, 1992.

/s/ David West

The next day, on January 22, 1992, Judge West signed an order refusing to recuse himself and referred all of Mr. Johnson's cases, described as "In Re: Johnson Files," cause numbers 88–44456, 89–06338, 90–00550, 91–23037, 91–30289, and 89–09981, to the administrative judge for further resolution. Mr. Johnson claims Judge Smith, a visiting judge, denied the motion to recuse without a hearing. The record contains a copy of the motion to recuse, across which is written "denied," with an undecipherable signature, and the date "1–24–92."

### The motion to recuse

The law is clear: Judge West was not at liberty to rule on any other motion once Mr. Johnson filed a motion to recuse. *Carson v. Gomez,* 841 S.W.2d 491, 492–93 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("Even if the motion were procedurally defective, the trial judge should have referred the motion so that another judge would make that determination."); *Winfield v. Daggett,* 846 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1993) (orig. proceeding) (not yet reported). In *Winfield,* we said: "Both rule 18a and Tex.Gov't Code Ann. § 74.059(c)(3) ... make it clear that once Judge Daggett refused to recuse himself, he had a duty to forward the motion to the presiding judge of the administrative judicial district. He refused to do so. Thus, he violated a duty imposed upon him by law."

Rule 18a(d) of the Texas Rules of Civil Procedure states in part:

> Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

None of the orders requiring cost bonds state that Judge West had good cause for signing them before ruling on the motion for recusal. *See Watkins v. Pearson,* 795 S.W.2d 257, 259 (Tex.App.—Houston [14th

Dist.] 1990, writ denied). Once Mr. Johnson filed the motion to recuse Judge West, the only action Judge West could take was to rule on the motion to recuse. *Carson*, 841 S.W.2d at 493; *Greenberg, Benson, Fisk and Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, no writ). Here, as in Carson, the trial court ruled on another motion without any statement regarding the motion to recuse or good cause to proceed without a hearing on that motion.

The majority states that Mr. Johnson waived his motion to recuse because he filed it too late. Rule 18a(a) requires the party to file a motion at least 10 days before the hearing. The majority says the record shows that Mr. Johnson was notified on January 7, 1992 that the court would hold a hearing on the issue of costs under rule 143 on January 21, 1992. I disagree that the record before us indicates Mr. Johnson received notice of the hearing on January 7, 1992. The record contains a copy of a letter addressed to Mr. Johnson, dated January 7, 1992, stating that a hearing would be held on January 21, 1992. We do not know from this record when Mr. Johnson received the notice.

Based on its assumption that Mr. Johnson filed a late notice to recuse, the majority contends the mandatory provisions of rule 18a, which prohibit a judge from ruling on any other matter once a motion to recuse is filed, did not come into play. Thus, the majority reasons, Judge West was free to rule on other matters, and hearing was not required on the motion to recuse. Again I disagree. Mr. Johnson filed the motion to recuse on January 16, 1992, four days before the hearing. In his petition for mandamus, Mr. Johnson claims he filed the motion to recuse Judge West on that date because only then did he become aware of Judge West's acts of fraud in granting a order of dismissal in cause of action number 89–06337.

In *Winfield,* this Court held that a trial court may not overrule a motion to recuse on the ground that the motion was untimely. *Winfield,* 846 S.W.2d 920, 922. As we said in *Winfield,* sections (d) and (f) of rule 18a of the Texas Rules of Civil Procedure and section 74.059(c)(3) of the Texas Government Code clearly contemplate that the court hold a hearing on a motion to recuse. The hearing on the motion gives the movant the opportunity to develop a record about the grounds for the motion to recuse. Without a hearing, on appeal we have no record. *Winfield,* 846 S.W.2d 920, 922. Without a hearing, we do not know why Mr. Johnson filed the motion to recuse on January 16, 1992, instead of earlier.