NOS. 07-03-0423-CV


 07-03-0424-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 26, 2004


______________________________




IN THE MATTER OF J.M.R., A CHILD 



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY,



SITTING AS A JUVENILE COURT; NOS. 3999-J, 4050-J;



 HONORABLE JAMES W. ANDERSON, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 In May of 2003, appellant J.M.R., a juvenile, was adjudged as having engaged in
delinquent conduct within the meaning of section 51.03 of the Texas Family Code and, as
a result of a separate adjudication hearing conducted the same day, was placed on
probation subject to certain terms and conditions until his 18th birthday. On June 9, 2003,
the State filed a petition alleging appellant had failed to comply with the conditions of his
probation and to modify the court's prior disposition. This was assigned cause number
3999-J. Under a separate cause number, 4050-J, the State filed a petition for adjudication. 
After hearings at which appellant was represented by the same appointed counsel,
appellant waived his right to trial and plead true to the allegations in the State's petitions. 
In cause number 4050-J the trial court found appellant engaged in delinquent conduct. In
cause number 3999-J the trial court placed appellant in the custody of the Texas Youth
Commission. 

 Appellant's appointed counsel gave timely notice of his desire to appeal each order. 
We received the reporter's record in both cases on November 19, 2003 and the clerk's
records on December 8, 2003. Counsel was notified when the records were filed.
Appellant's brief was due on January 7, 2004. Tex. R. App. P. 38.6(a). On February 3,
2004, we notified appellant's appointed counsel that appellant's brief was past due, and
requested a response by February 13. We have received no response.

 We must, therefore, abate the appeals and remand the matter to the juvenile court
of Randall County. Upon remand, the judge of that court shall immediately cause notice
to be given of and conduct a hearing to determine:

 1. Whether the juvenile and his attorney have abandoned his appeals.


 2. If the appeals have not been abandoned, the trial court shall determine if
the juvenile is indigent and if so, whether the appointment of a new attorney
is necessary;


 3. If it is determined that a new attorney should be appointed, the name,
address and State Bar of Texas identification number of the attorney
appointed;


 4. If the juvenile is not indigent, whether he has failed to make the necessary
arrangements for prosecuting the appeals, and if he has not done so, what
orders are necessary to ensure those arrangements are made;


 5. If other orders are necessary to ensure the diligent and proper pursuit of
the appeals.

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than March 26, 2004.

 Per Curiam




Texas Wrecker's motion for summary judgment, and Texas Wrecker's motion for
sanctions, and entered a judgment which dismissed the case with prejudice, denied the
motion for summary judgment as moot, and denied the motion for sanctions. The court
taxed costs of court against Texas Wrecker and this appeal ensued.

 Texas Wrecker raises two issues in its appeal of the county court at law's judgment,
contending that the court abused its discretion first, by taxing costs against it and second,
by failing to assess sanctions against Corbett. We begin with the second issue.

 We review a ruling on a motion for sanctions under an abuse of discretion standard. 
Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004). A court abuses its discretion if it acts
without reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241 (Tex. 1985). The trial court's ruling should be reversed only if
it was arbitrary or unreasonable. Cire, 134 S.W.3d at 839; Downer, 701 S.W.2d at 242.

 In support of its argument for sanctions against Corbett, Texas Wrecker points to
Rule of Civil Procedure 562, which states, "No judgment, other than judgment by
confession, shall be rendered by the justice of the peace against any party who has not
entered an appearance or accepted service, unless such party has been duly cited." It
argues Corbett's submission of a proposed judgment to the justice court that contained
language granting a judgment against it violated Rule 562. (6) 

 Texas Wrecker's motion for sanctions filed in the county court at law did not identify 
the rule or statute authorizing the sanctions it sought. (7) In this court, it refers to Rule of Civil
Procedure 21b, which authorizes sanctions for a party's failure to serve other parties with
pleadings and similar documents. Texas Wrecker's invocation of Rule 21b suggests that
the conduct to be sanctioned was Corbett's failure to serve Texas Wrecker with its request
for the tow hearing. 

 Whether we view the motion as addressing Corbett's submission of a proposed
judgment or his failure to serve a pleading, the conduct for which Texas Wrecker sought
sanctions occurred not in the county court at law but in the justice court. The parties' briefs
do not discuss the authority of the county court at law to sanction Texas Wrecker's conduct
in the justice court. Cf. Johnson v. Smith, 857 S.W.2d 612, 617 (Tex.App.-Houston [1st
Dist.] 1993, no writ) (discussing absence of authority of trial court to sanction litigant's
refusal to obey orders of another court). (8) Even assuming it had authority to do so, that the
conduct Texas Wrecker sought to sanction occurred in a court other than the county court
at law is reason enough for us to conclude that court did not abuse its discretion by
declining to award sanctions. Texas Wrecker's second issue on appeal is overruled. 

 With regard to its first issue, Texas Wrecker argues the county court erred in taxing
costs against it in contravention of Rule 139 of the Texas Rules of Civil Procedure. The
second sentence of Rule 139 reads: 

 If the judgment of the court above be in favor of the party appealing and for
more than the original judgment, such party shall recover the costs of both
courts; if the judgment be in his favor, but for the same or a less amount than
in the court below, he shall recover the costs of the court below, and pay the
costs of the court above.

TEX. R. CIV. P. 139. Texas Wrecker contends the latter clause of the quoted sentence
applies here and argues it received a judgment in its favor when Corbett opted to dismiss
his suit in the county court at law. Texas Wrecker states, "Judgment was rendered against
[Texas Wrecker] in the Justice Court for the sum of $269.41 and the judgment in the
County Court at Law #3 against [Texas Wrecker] was zero, an amount less than [Corbett]
recovered against [Texas Wrecker] below. Therefore, pursuant to Rule 139, Tex. R. Civ.
Proc., [Corbett] was required to 'pay the costs of the court above.'" The argument
misreads the rule. In the sentence Texas Wrecker cites, the pronoun "he" refers to the
"party appealing," i.e., Texas Wrecker in this case. Assuming, arguendo, the correctness
of Texas Wrecker's premise that we should regard Corbett's dismissal as the equivalent
of a judgment in its favor, the latter clause of the sentence requires that Texas Wrecker,
not Corbett, "pay the costs of the court above." 


 We hold the county court at law did not abuse its discretion in taxing costs against
Texas Wrecker. Cire, 134 S.W.3d at 839; Downer, 701 S.W.2d at 242. We overrule
appellant's first issue on appeal and affirm the judgment of the county court at law.

 

 James T. Campbell

 Justice




1. Lujan's Restaurant and Wolfe are not parties to this appeal.
2. Tex. Transp. Code Ann. § 685.001 et seq. (Vernon 1999). Chapter 685 was
amended effective September 1, 2005, Acts 2005, 79th Leg., ch. 737. All trial court
proceedings were held before the effective date of the 2005 amendments.
3. See Tex. Transp. Code Ann. § 685.007 (providing guidelines for requesting a tow
hearing).
4. Corbett's counsel told the county court at law judge that he added Texas Wrecker
to his request for tow hearing only because the justice of the peace told him the towing
company had to be joined. Except for the additional defendant, the contents of the original
petition and the request for tow hearing were substantially identical; each prayed only for
the award of court costs (Tex. Transp. Code Ann. § 685.009(e)(1)), cost of photographs
(§ 685.009(e)(2)) and cost of the vehicle's removal and storage (§ 685.002(b)(2)).
5. The 2005 amendments to § 685.009 add other issues not relevant here.
6. Corbett contends that Texas Wrecker's argument ignores the express provisions
of § 685.009(b) requiring the court to provide notice of the hearing to the person who
requested the hearing and the person or law enforcement agency that authorized the
removal of the vehicle. Id. at § 685.009(b) (providing the court shall provide notice of the
hearing). Corbett notes the undisputed evidence that the justice court sent Texas Wrecker
a postcard notice of the tow hearing. Texas Wrecker responds by arguing that notice of
the hearing does not replace the general requirement of issuance and service of citation. 
We do not reach this issue.
7. The sanctions Texas Wrecker sought was its attorney's fees and costs for the
appeal to the county court at law.
8. Cf. Willy v. Coastal Corp., 915 F.2d 965, 968 n. 8 (5th Cir. 1990), aff'd, 503 U.S.
131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (federal court lacks authority to sanction pre-removal conduct that occurred in state court).