Petition for Writ of Mandamus Denied and Memorandum Opinion filed
October 14, 2004









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed October 14, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00926-CV

____________

 

IN RE PATRICIA VERDE, Guardian of
the Estate of Leonardo Dominguez,

a Minor Child, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On September 24, 2004, relator filed a
petition for writ of mandamus in this court. 
See Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In her petition, relator asks this court to
direct the Honorable Rory Olsen, Presiding Judge of Statutory Probate Court
Number Three(3) in Harris County, to either recuse himself or refer relator=s motions for recusal to the
presiding judge for the statutory probate courts.[1]








On October 5, 2004, counsel for the respondent filed a
response to the petition for writ of mandamus informing this court that the
respondent had referred the recusal motions to the Honorable Steve M. King,
presiding judge of the Statutory Probate Courts of Texas, on September 22,
2004, the same date that respondent signed orders denying the motions.[2]  On September 28, 2004, Judge King signed an
order assigning the Honorable Jerome Jones, a Senior Statutory Probate Judge,
to hear all motions in the underlying cases. 
Respondent provided sworn copies of the relevant orders.  

By referring the recusal motions to the presiding judge,
respondent has substantially complied with Texas Civil Procedure Rule 18a(d)
and Texas Government Code Section 25.00255(h)(1).[3]  Therefore, relator is not entitled to
mandamus relief.  See Winfield v.
Daggett, 846 S.W.2d 920, 922 (Tex. App.CHouston [1st Dist.] 1993, orig.
proceeding) (holding mandamus relief is appropriate when judge whom a party
seeks to recuse refuses to either recuse or refer motion to presiding
judge).  








Because mandamus is an extraordinary remedy, we may not issue
the writ to supervise or correct a trial court=s incidental rulings that do not
permanently deprive a party of substantial rights.  See Canadian Helicopters, Ltd. v. Wittig,
876 S.W.2d 304, 306 (Tex. 1994). 
Therefore, we need not address relator=s complaint that respondent, in
denying relator=s recusal motions, improperly determined the motions were
procedurally defective. 

Accordingly, we deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed October 14, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.











[1]  The underlying
proceedings are filed under cause numbers 338,880 and 338,880-401, styled In
the Estate of Alfredo Dominguez, Deceased, and cause numbers 340,231 and
340,231-401, styled In the Guardianship of Leonardo Dominguez, a Minor.  





[2]  See Tex. Gov=t Code Ann. ' 25.00255(h)(1) (Vernon 2004) (following Rule 18a=s procedures for recusal motions filed in statutory
probate courts); Tex. R. App. P. 18a(d).  





[3]  Rule 18a(d)
provides as follows:

If the judge declines to recuse himself, he shall
forward to the presiding judge of the administrative judicial district, in
either original form or certified copy, an order of referral, the motion, and
all opposing and concurring statements. 
Except for good cause stated in the order in which further action is
taken, the judge shall make no further orders and shall take no further action
in the case after filing of the motion and prior to a hearing on the
motion.  The presiding judge of the
administrative judicial district shall immediately set a hearing before himself
or some other judge designated by him, shall cause notice of such hearing to be
given to all parties or their counsel, and shall make such other orders
including orders on interim or ancillary relief in the pending cause as justice
may require.

Tex. R. Civ. P. 18a(d).

Section 25.00255(h)(1) provides as follows:

A judge who does not recuse himself:

(1) shall forward to the presiding judge of the
statutory probate courts, in either original form or certified copy, an order
of referral, the motion for recusal or disqualification, and all opposing and
concurring statements; . . . .

Tex. Gov=t Code Ann. ' 25.00255(h)(1) (Vernon 2004).