NO. 07-04-0439-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2006
_____

TEXAS WRECKER SERVICE CO., APPELLANT

V.

MICHAEL CORBETT, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2004-595,278; HONORABLE PAULA LANEHART, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Texas Wrecker Service Company ("Texas Wrecker") appeals a county court at law judgment that denied its motion for sanctions and assessed costs against it. We will affirm.

Appellee Michael Corbett's vehicle was towed by Texas Wrecker at the request of Lujan's Restaurant and Steve Wolfe.[1] Corbett shortly filed an original petition in the justice court, requesting a "tow hearing" pursuant to chapter 685 of the Texas Transportation

_____

[1] Lujan's Restaurant and Wolfe are not parties to this appeal.

Code.[2] The next day, Corbett filed a request[3] for a tow hearing in the same court and cause. Corbett's original petition named Lujan's and Wolfe as defendants. The request added Texas Wrecker as a defendant.[4] The justice court sent notices of the tow hearing to Texas Wrecker, Lujan's Restaurant and Wolfe. *See id.* at § 685.009(b) (providing the court shall provide notice of the hearing). The notices referred to the scheduled hearing as a "tow hearing." No other citation was issued.

The tow hearing was held the next week. No representative appeared at the hearing on behalf of Texas Wrecker. In its findings of fact, conclusions of law and judgment, the justice court found Lujan's Restaurant and Texas Wrecker did not have probable cause to tow Corbett's car and entered a judgment against both in favor of Corbett in the amount of $269.41. *See id.* at § 685.009 (the sole issue in a tow hearing is whether probable cause existed for the removal and placement of the vehicle).[5]

---

[2] Tex. Transp. Code Ann. § 685.001 *et seq.* (Vernon 1999). Chapter 685 was amended effective September 1, 2005, Acts 2005, 79th Leg., ch. 737. All trial court proceedings were held before the effective date of the 2005 amendments.

[3] *See* Tex. Transp. Code Ann. § 685.007 (providing guidelines for requesting a tow hearing).

[4] Corbett's counsel told the county court at law judge that he added Texas Wrecker to his request for tow hearing only because the justice of the peace told him the towing company had to be joined. Except for the additional defendant, the contents of the original petition and the request for tow hearing were substantially identical; each prayed only for the award of court costs (Tex. Transp. Code Ann. § 685.009(e)(1)), cost of photographs (§ 685.009(e)(2)) and cost of the vehicle's removal and storage (§ 685.002(b)(2)).

[5] The 2005 amendments to § 685.009 add other issues not relevant here.

Only Texas Wrecker appealed the justice court's judgment. When Texas Wrecker filed its notice of appeal and cost bond with the justice court, the case was assigned to the Lubbock County Court at Law No. 3. A week later, Texas Wrecker filed a motion for sanctions with the county court at law, asking the court to levy sanctions against Corbett for obtaining a judgment against Texas Wrecker without serving it with citation in the justice court. Before filing its motion for sanctions, counsel for Texas Wrecker conferred by telephone with Corbett's counsel. Texas Wrecker's counsel was advised during that conversation that Lujan's had indicated "they were going to satisfy the judgment," and that no post-judgment collection action would be taken against Texas Wrecker.

About a month after appeal of the case to the county court at law, Corbett filed a notice of satisfaction of judgment with the justice court, stating that Lujan's had paid the judgment. Texas Wrecker later filed its original answer and a motion for summary judgment in the county court at law. Corbett filed a motion for voluntary dismissal indicating he "seeks a dismissal because [Corbett] took no post-judgment collection action against Texas Wrecker because the judgment has been satisfied by Lujan's."

The county court at law held a hearing on Corbett's motion for voluntary dismissal, Texas Wrecker's motion for summary judgment, and Texas Wrecker's motion for sanctions, and entered a judgment which dismissed the case with prejudice, denied the motion for summary judgment as moot, and denied the motion for sanctions. The court taxed costs of court against Texas Wrecker and this appeal ensued.

Texas Wrecker raises two issues in its appeal of the county court at law's judgment, contending that the court abused its discretion first, by taxing costs against it and second, by failing to assess sanctions against Corbett. We begin with the second issue.

We review a ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Cire*, 134 S.W.3d at 839; *Downer*, 701 S.W.2d at 242.

In support of its argument for sanctions against Corbett, Texas Wrecker points to Rule of Civil Procedure 562, which states, "No judgment, other than judgment by confession, shall be rendered by the justice of the peace against any party who has not entered an appearance or accepted service, unless such party has been duly cited." It argues Corbett's submission of a proposed judgment to the justice court that contained language granting a judgment against it violated Rule 562.[6]

---

[6] Corbett contends that Texas Wrecker's argument ignores the express provisions of § 685.009(b) requiring the court to provide notice of the hearing to the person who requested the hearing and the person or law enforcement agency that authorized the removal of the vehicle. *Id.* at § 685.009(b) (providing the court shall provide notice of the hearing). Corbett notes the undisputed evidence that the justice court sent Texas Wrecker a postcard notice of the tow hearing. Texas Wrecker responds by arguing that notice of the hearing does not replace the general requirement of issuance and service of citation. We do not reach this issue.

Texas Wrecker's motion for sanctions filed in the county court at law did not identify the rule or statute authorizing the sanctions it sought.[7] In this court, it refers to Rule of Civil Procedure 21b, which authorizes sanctions for a party's failure to serve other parties with pleadings and similar documents. Texas Wrecker's invocation of Rule 21b suggests that the conduct to be sanctioned was Corbett's failure to serve Texas Wrecker with its request for the tow hearing.

Whether we view the motion as addressing Corbett's submission of a proposed judgment or his failure to serve a pleading, the conduct for which Texas Wrecker sought sanctions occurred not in the county court at law but in the justice court. The parties' briefs do not discuss the authority of the county court at law to sanction Texas Wrecker's conduct in the justice court. *Cf. Johnson v. Smith*, 857 S.W.2d 612, 617 (Tex.App.–Houston [1st Dist.] 1993, no writ) (discussing absence of authority of trial court to sanction litigant's refusal to obey orders of another court).[8] Even assuming it had authority to do so, that the conduct Texas Wrecker sought to sanction occurred in a court other than the county court at law is reason enough for us to conclude that court did not abuse its discretion by declining to award sanctions. Texas Wrecker's second issue on appeal is overruled.

---

[7] The sanctions Texas Wrecker sought was its attorney's fees and costs for the appeal to the county court at law.

[8] *Cf. Willy v. Coastal Corp.*, 915 F.2d 965, 968 n. 8 (5th Cir. 1990), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (federal court lacks authority to sanction pre-removal conduct that occurred in state court).

With regard to its first issue, Texas Wrecker argues the county court erred in taxing costs against it in contravention of Rule 139 of the Texas Rules of Civil Procedure. The second sentence of Rule 139 reads:

> If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts; if the judgment be in his favor, but for the same or a less amount than in the court below, he shall recover the costs of the court below, and pay the costs of the court above.

TEX. R. CIV. P. 139. Texas Wrecker contends the latter clause of the quoted sentence applies here and argues it received a judgment in its favor when Corbett opted to dismiss his suit in the county court at law. Texas Wrecker states, "Judgment was rendered against [Texas Wrecker] in the Justice Court for the sum of $269.41 and the judgment in the County Court at Law #3 against [Texas Wrecker] was zero, an amount less than [Corbett] recovered against [Texas Wrecker] below. Therefore, pursuant to Rule 139, Tex. R. Civ. Proc., [Corbett] was required to 'pay the costs of the court above.'" The argument misreads the rule. In the sentence Texas Wrecker cites, the pronoun "he" refers to the "party appealing," *i.e.,* Texas Wrecker in this case. Assuming, *arguendo*, the correctness of Texas Wrecker's premise that we should regard Corbett's dismissal as the equivalent of a judgment in its favor, the latter clause of the sentence requires that Texas Wrecker, not Corbett, "pay the costs of the court above."

6

We hold the county court at law did not abuse its discretion in taxing costs against Texas Wrecker. *Cire*, 134 S.W.3d at 839; *Downer*, 701 S.W.2d at 242. We overrule appellant's first issue on appeal and affirm the judgment of the county court at law.


James T. Campbell
Justice