In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00121-CV


______________________________





IN RE: RICHARD M. KING, JR.









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Richard M. King, Jr., has petitioned this Court for a writ of mandamus directed to the
Honorable Jim D. Lovett, of the Sixth Judicial District Court of Lamar County, requesting that we
order Judge Lovett to recuse himself from a case in which King filed an application for writ of
habeas corpus. We deny King's request.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).

 King asserts in his petition that he filed an application for writ of habeas corpus in the Sixth
Judicial District Court of Lamar County on August 28, 2007. King also relates that the trial court
ordered the district clerk to docket his petition, set it for a hearing, and appointed counsel to
represent King. (1) His petition further states that Judge Lovett issued an order stating, in part, "No
motions or requests may be filed by Mr. King. Since he is represented by counsel, only his counsel
may communicate with the court, the prosecutor and the clerks." 

 King fails to posit a situation which amounts to an absence of a clear and adequate remedy
at law. First, he does not assert that the trial court has failed to rule on King's application for writ
of habeas corpus; indeed, King tells us the matter has been duly set for hearing. Second, King does
not aver that either he or his counsel have filed a motion to have Judge Lovett recuse himself; a
priori, there is no evidence that Judge Lovett either has failed to recuse himself or to refer the matter
to the presiding judge. See Winfield v. Daggett, 846 S.W.2d 920, 922 (Tex. App.--Houston [1st
Dist.] 1993, orig. proceeding) (found judge violated duty to recuse himself or refer the motion to
recuse and that there was no adequate remedy by appeal because, by refusing to refer the motion,
judge had precluded relator from developing a record for appeal). Finally, nothing in King's petition
to this Court makes any allegation that King has taken steps to comply with the rules regarding
recusal of a trial judge. See Tex. R. Civ. P. 18a. 

 King claims that he has no adequate remedy at law because of Judge Lovett's order that King
not be allowed to make pro se filings. King has been appointed counsel in the case and is not
entitled to hybrid representation, having both counsel and representing himself pro se. See Patrick
v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). King claims Judge Lovett has a bias against
King because of complaints King has filed with the State Commission on Judicial Conduct regarding
Judge Lovett. None of this amounts to a lack of adequate remedy at law. King has had counsel
appointed him who certainly could move for recusal of the trial judge should there be a basis for it. 

 We deny King's petition for writ of mandamus. 



 Bailey C. Moseley

 Justice


Date Submitted: October 11, 2007

Date Decided: October 12, 2007

1. King goes on to state that he based his application for writ of habeas corpus "on the 1st
Court of Appeals ruling in Wright v. State, 316 S.W.3d 36 (Houston)." As of this date, reported
cases in the Southwestern Reporter series only go as far as volume 229. We have found a case from
the First District Court of Appeals, Wright v. State, 223 S.W.3d 36 (Tex. App.--Houston [1st Dist.]
2006, pet. ref'd), involving a finding of ineffective assistance of counsel; we presume this is the cite
King intended.