# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00772-CV

**Gregory Daniels, Appellant**

**v.**

**Balcones Woods Club, Inc.; Douglas Huyck; John Schexnayder; Thomas Terry; Bonnie Lockhart; and William Dugat III, Individually and as Managing Partner of Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN500294, HONORABLE SUZANNE COVINGTION, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gregory Daniels sued Balcones Woods Club, Inc. ("Balcones Woods Club"), Douglas Huyck, John Schexnayder, Thomas Terry, Bonnie Lockhart, and William Dugat III, individually and as managing partner of Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P. ("Bickerstaff Heath") for damages arising out of their conduct in pursuing an earlier lawsuit that resulted in Daniels's being permanently enjoined from violating neighborhood association restrictive covenants. In the current lawsuit, on the defendants' motions, the district court declared Daniels a vexatious litigant and ordered him to furnish security totalling $100,000. Daniels failed to furnish the court-ordered security, and the defendants filed motions to dismiss. The district court dismissed the case with prejudice as to all defendants. Daniels appeals the orders of the district court declaring him a vexatious litigant and dismissing his suit. We will affirm the district court's orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

Balcones Woods Club is a neighborhood association charged with enforcing the restrictive covenants of the neighborhood in which Daniels owned a home. In March 2002, Balcones Woods Club sued Daniels ("the 2002 suit") seeking to enjoin him from parking his car on his lawn in violation of those restrictive covenants. Lockhart, an attorney with Bickerstaff Heath, represented Balcones Woods Club in the 2002 suit. After a bench trial, the district court granted a permanent injunction and assessed attorneys' fees and costs against Daniels. Daniels appealed, complaining that the district court was not fair and impartial and challenging the findings of fact and conclusions of law supporting the injunction. This Court affirmed the district court's order in February 2006. *See Daniels v. Balcones Woods Club, Inc.*, No. 03-03-00310-CV, 2006 Tex. App. LEXIS 957 (Tex. App.—Austin Feb. 2, 2006, pet. denied) (mem. op.).

In January 2004, while the appeal of the 2002 suit was pending, Daniels sued Balcones Woods Club, Huyck, one of Daniels's neighbors, Balcones Wood Club board members Schexnayder and Terry, and Balcones Woods Club's legal counsel Lockhart and Dugat and their law firm, Bickerstaff Heath ("the 2004 suit"), seeking damages he alleged resulted from prosecution of the 2002 suit. Daniels alleged that Huyck "pursued a campaign of harassment" by participating in the 2002 suit and that Huyck, Terry, and Schexnayder made false and misleading statements during proceedings in the 2002 suit. Daniels claimed that Balcones Woods Club pursued the 2002 suit against him in order to inflict "emotional and financial harm."

With respect to Lockhart, Dugat, and Bickerstaff Heath, Daniels alleged that they made judicial campaign contributions for the purpose of obtaining improper influence over the

2

district judge, then exercised that influence to successfully pursue "false and completely fabricated cases" against him. He further alleged that Lockhart, Huyck, Terry, and Schexnayder engaged in a "civil conspiracy to cause intentional emotional and financial harm, with malice, by abuse of process."

All defendants in the 2004 suit filed special exceptions. The trial court sustained each of the defendants' special exceptions, finding that Daniels's original petition failed to state a cause of action. The court ordered that Daniels correct the pleading deficiencies by filing an amended or supplemental pleading within ten days. Daniels filed an amended petition but failed to cure the pleading defects. Consequently, the trial court, on the defendants' motions, dismissed Daniels's claims against all defendants. Each of the dismissal orders specifically stated that the dismissal was without prejudice.[1]

In 2005, Daniels filed the instant case against the same defendants named in the 2004 suit. Daniels again alleged that Huyck "pursued a campaign of harassment" against him by participating in the 2002 suit. He again complained that Lockhart, Dugat, and Bickerstaff Heath used the influence they gained through judicial campaign contributions to successfully pursue a "fraudulent lawsuit" against him. Daniels also reurged his claim that Lockhart, Huyck, Terry, and

---

[1] Having found that, after amendment, Daniels's petition failed to state a cause of action, the trial court could have dismissed the case with prejudice. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722-23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)); *accord Kutch v. Del Mar College*, 831 S.W.2d 506 (Tex. App.—Corpus Christi 1970, writ ref'd n.r.e.) (distinguishing between pleadings that state valid cause of action and those that do not and holding trial court cannot dismiss case with prejudice if pleadings state valid cause of action but are vague, overbroad, or otherwise susceptible to valid special exceptions). It is unclear why the dismissal of the 2004 suit was without prejudice.

3

Schexnayder engaged in a "civil conspiracy to fraudulently and maliciously cause intentional emotional and financial harm."

Each of the defendants in the instant suit filed motions requesting that the district court declare Daniels a vexatious litigant and require him to furnish security as a condition of prosecuting his suit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051-.055 (West 2002). The district court found that Daniels was a vexatious litigant and ordered him to furnish security in the aggregate amount of $100,000 within twenty days. *See id.* § 11.055. Daniels failed to furnish the security by the court-ordered deadline. In accordance with statutory requirements, the district court dismissed his suit. *See id.* § 11.056. Daniels appeals from the order of dismissal, complaining of the order finding him a vexatious litigant.

## STANDARD OF REVIEW

We review the trial court's determination that a party is a vexatious litigant under an abuse of discretion standard. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Because a trial court may exercise its discretion to declare a party a vexatious litigant only after it makes certain statutorily prescribed evidentiary findings, we also review the trial court's underlying findings for legal and factual sufficiency. *Leonard*, 171 S.W.3d at 459 (citing *Bocquet*, 972 S.W.2d at 21). In a legal sufficiency challenge, we must determine whether there is more than a scintilla of evidence to support the finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We review the

4

evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id*. at 821-22, 827. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in the record, both in support of and against the finding, and set aside a finding only if the evidence that supports it is so weak or against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

## DISCUSSION

Chapter 11 of the civil practice and remedies code provides that, within ninety days of filing an original answer, a defendant may move for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security. Tex. Civ. Prac. & Rem. Code Ann. § 11.051. The security is for the benefit of the moving party and serves as an undertaking by the plaintiff to assure payment of the moving party's reasonable expenses incurred in or in connection with the litigation, including costs and attorneys' fees. *Id.* § 11.055. On the filing of a motion under section 11.051, the litigation is stayed until the district court rules on the motion. The district court may determine that the plaintiff is a vexatious litigant if the moving party demonstrates that there is not a reasonable probability that the plaintiff will prevail in the litigation and:

5

after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

*Id.* § 11.054(2). If the motion is granted, the district court must order the plaintiff to furnish the security by a date within its discretion, and if the plaintiff fails to do so, the district court must dismiss the litigation as to the moving defendant. *Id.* §§ 11.055-.056.

By one issue on appeal, Daniels "asks the Third Court of Appeals to determine if the Trial Judge abused her discretion by arbitrarily considering prior orders to dismiss 'without prejudice' equivalent to dismissal 'with prejudice' to deem Appellant a vexatious litigant." In his brief, Daniels takes issue with two of the district court's findings supporting the conclusion that he is a vexatious litigant: (1) that previous litigation between him and the defendants in the present case has been "finally determined" against him, and (2) that the previous litigation involved the same cause of action, claim, controversy or any of the issues of fact or law at issue in the present case.

Daniels argues that the district court erred by concluding that the dismissal of the 2004 suit "without prejudice" was a "final determination" within the meaning of chapter 11 of the civil practice and remedies code. *See id.* The record evidence establishes that Daniels did not perfect an appeal of the dismissal of the 2004 suit, and that the district-court judgment became final by operation of law. Daniels cites no authority for his contention that a dismissal without prejudice is not a final determination within the meaning of the statute. While there is authority for the

proposition that a *nonsuit* without prejudice is not a final judgment, *see, e.g.*, *McGowen v. Huang*, 120 S.W.3d 452, 462 (Tex. App.—Texarkana 2003, pet. denied), an order of dismissal that completely disposes of the case is a final and appealable judgment. *Armendaiz v. Ray*, 215 S.W.2d 210, 212 (Tex. Civ. App.—San Antonio 1948, no writ); *see also Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no writ) (order of dismissal for want of prosecution was final judgment); *Dilmore v. Russell*, 519 S.W.2d 278, 280 (Tex. Civ. App.—Dallas 1975, no writ) (judgment of dismissal is final in sense that it disposes of pending action although not adjudicating merits).

By arguing that the dismissal order "without prejudice" is not a final determination of the prior litigation for purposes of declaring him a vexatious litigant, Daniels asks this Court to hold that chapter 11 requires there to have been a prior determination *on the merits* of his claim. The statute, however, simply requires that the prior determination was "final," not that it adjudicated the merits of the claim. Daniels's apparent concern that application of chapter 11 results in the dismissal of meritorious claims is unwarranted—a prerequisite to the district court's determination that a party is a vexatious litigant is its conclusion that there is not a reasonable probability that the party will prevail on his claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054. The district court's determination that Daniels is a vexatious litigant entails a finding that it was not reasonably probable that Daniels would prevail in this litigation against these defendants. Daniels does not contend on appeal that there was error in this finding.

The evidence establishes not only that a final judgment had been rendered in the 2002 suit, but also that the 2004 suit was dismissed, no appeal was taken therefrom, and the

judgment in that case is final. This evidence is sufficient to support the district court's finding that there had been a final determination of both the 2002 suit and the 2004 suit between Daniels and one or more of the defendants in the instant case. *See id.* § 11.054(2).

Daniels also complains of the district court's finding that there was no meaningful difference between the pleadings in the 2004 suit and the pleadings in the instant suit.[2] After comparing the pleadings in the 2004 suit to the pleadings in this case, we conclude that the evidence supports the district court's implied finding that the instant suit is an attempt to relitigate the causes of action and issues Daniels raised in the 2004 suit. In both cases, Daniels complains of a campaign of harassment carried out by Huyck, and a civil conspiracy among Lockhart, Huyck, Terry, and Schexnayder to cause him financial harm. Both suits contain allegations that Lockhart and Bickerstaff Heath exercised undue influence over the trial judge, and that they derived their influence through judicial campaign contributions. The only difference between the two suits that Daniels identifies is "the removal of the malicious prosecution claim, and the inclusion of additional evidence." The elimination of a claim in the instant case does not make the remaining claims different from those made in the 2004 suit. Nor do additional allegations supporting a cause of action change its nature. The evidence supports the trial court's finding that there was no meaningful distinction between Daniels's claims in the instant case and those stated in the 2004 suit. The statute

---

[2] Although not raised by any discrete issue, we address this argument because Daniels includes it in his brief. Appellate issues are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See El Paso Natural Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Appellate courts should reach the merits of an appeal whenever reasonably possible. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).

requires only a repeated relitigation or attempted relitigation of "any of the issues of fact or law" previously determined.

Moreover, a determination of the issues raised in this case would also require relitigating issues of fact or law already decided in the 2002 suit. For example, to demonstrate that Lockhart and Bickerstaff Heath exercised undue influence over the district judge in the 2002 suit, as alleged in the present case, Daniels would be required to show that the trial court in the 2002 suit was not fair or impartial. This Court has already rejected Daniels's claim that the trial court in the 2002 suit "made it obvious" that it favored Balcones Woods Club and "effectively eliminated any possibility of discovering the complete truth behind this matter." *See Daniels*, 2006 Tex. App. LEXIS 957, at *6-9. We conclude that the trial court did not act unreasonably in finding that, in bringing the instant case, Daniels was repeatedly attempting to relitigate causes of action or issues of fact or law finally determined against him in previous litigation. Therefore, the trial court did not abuse its discretion in declaring Daniels a vexatious litigant under chapter 11 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §11.054. We overrule Daniels's sole issue.

## CONCLUSION

Having found no abuse of discretion in the district court's determination that Daniels is a vexatious litigant pursuant to chapter 11 of the civil practice and remedies code, we affirm the district court's orders of dismissal.

9

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Pemberton

Affirmed

Filed:   May 19, 2009