TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00772-CV






Gregory Daniels, Appellant


v.


Balcones Woods Club, Inc.; Douglas Huyck; John Schexnayder; Thomas Terry; Bonnie
Lockhart; and William Dugat III, Individually and as Managing Partner of Bickerstaff,
Heath, Smiley, Pollan, Kever & McDaniel, L.L.P., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. GN500294, HONORABLE SUZANNE COVINGTION, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N

 Gregory Daniels sued Balcones Woods Club, Inc. ("Balcones Woods Club"), Douglas
Huyck, John Schexnayder, Thomas Terry, Bonnie Lockhart, and William Dugat III, individually and
as managing partner of Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P. ("Bickerstaff
Heath") for damages arising out of their conduct in pursuing an earlier lawsuit that resulted in
Daniels's being permanently enjoined from violating neighborhood association restrictive covenants. 
In the current lawsuit, on the defendants' motions, the district court declared Daniels a vexatious
litigant and ordered him to furnish security totalling $100,000. Daniels failed to furnish the
court-ordered security, and the defendants filed motions to dismiss. The district court dismissed the
case with prejudice as to all defendants. Daniels appeals the orders of the district court declaring him
a vexatious litigant and dismissing his suit. We will affirm the district court's orders.


FACTUAL AND PROCEDURAL BACKGROUND

 Balcones Woods Club is a neighborhood association charged with enforcing the
restrictive covenants of the neighborhood in which Daniels owned a home. In March 2002, Balcones
Woods Club sued Daniels ("the 2002 suit") seeking to enjoin him from parking his car on his lawn
in violation of those restrictive covenants. Lockhart, an attorney with Bickerstaff Heath, represented
Balcones Woods Club in the 2002 suit. After a bench trial, the district court granted a permanent
injunction and assessed attorneys' fees and costs against Daniels. Daniels appealed, complaining
that the district court was not fair and impartial and challenging the findings of fact and conclusions
of law supporting the injunction. This Court affirmed the district court's order in February 2006. 
See Daniels v. Balcones Woods Club, Inc., No. 03-03-00310-CV, 2006 Tex. App. LEXIS 957
(Tex. App.--Austin Feb. 2, 2006, pet. denied) (mem. op.).

 In January 2004, while the appeal of the 2002 suit was pending, Daniels sued
Balcones Woods Club, Huyck, one of Daniels's neighbors, Balcones Wood Club board members
Schexnayder and Terry, and Balcones Woods Club's legal counsel Lockhart and Dugat and their law
firm, Bickerstaff Heath ("the 2004 suit"), seeking damages he alleged resulted from prosecution of
the 2002 suit. Daniels alleged that Huyck "pursued a campaign of harassment" by participating in
the 2002 suit and that Huyck, Terry, and Schexnayder made false and misleading statements during
proceedings in the 2002 suit. Daniels claimed that Balcones Woods Club pursued the 2002 suit
against him in order to inflict "emotional and financial harm." 

 With respect to Lockhart, Dugat, and Bickerstaff Heath, Daniels alleged that they
made judicial campaign contributions for the purpose of obtaining improper influence over the
district judge, then exercised that influence to successfully pursue "false and completely fabricated
cases" against him. He further alleged that Lockhart, Huyck, Terry, and Schexnayder engaged in a
"civil conspiracy to cause intentional emotional and financial harm, with malice, by abuse of
process."

 All defendants in the 2004 suit filed special exceptions. The trial court sustained each
of the defendants' special exceptions, finding that Daniels's original petition failed to state a cause
of action. The court ordered that Daniels correct the pleading deficiencies by filing an amended or
supplemental pleading within ten days. Daniels filed an amended petition but failed to cure the
pleading defects. Consequently, the trial court, on the defendants' motions, dismissed Daniels's
claims against all defendants. Each of the dismissal orders specifically stated that the dismissal was
without prejudice. (1)

 In 2005, Daniels filed the instant case against the same defendants named in the
2004 suit. Daniels again alleged that Huyck "pursued a campaign of harassment" against him by
participating in the 2002 suit. He again complained that Lockhart, Dugat, and Bickerstaff Heath
used the influence they gained through judicial campaign contributions to successfully pursue a
"fraudulent lawsuit" against him. Daniels also reurged his claim that Lockhart, Huyck, Terry, and
Schexnayder engaged in a "civil conspiracy to fraudulently and maliciously cause intentional
emotional and financial harm." 

 Each of the defendants in the instant suit filed motions requesting that the district
court declare Daniels a vexatious litigant and require him to furnish security as a condition of
prosecuting his suit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051-.055 (West 2002). The
district court found that Daniels was a vexatious litigant and ordered him to furnish security in the
aggregate amount of $100,000 within twenty days. See id. § 11.055. Daniels failed to furnish the
security by the court-ordered deadline. In accordance with statutory requirements, the district court
dismissed his suit. See id. § 11.056. Daniels appeals from the order of dismissal, complaining of
the order finding him a vexatious litigant.


STANDARD OF REVIEW

 We review the trial court's determination that a party is a vexatious litigant under an
abuse of discretion standard. Leonard v. Abbott, 171 S.W.3d 451, 459 (Tex. App.--Austin 2005,
pet. denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without
regard to guiding legal principles, or without supporting evidence. K-Mart Corp. v. Honeycutt,
24 S.W.3d 357, 360 (Tex. 2000); Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). Because a
trial court may exercise its discretion to declare a party a vexatious litigant only after it makes certain
statutorily prescribed evidentiary findings, we also review the trial court's underlying findings for
legal and factual sufficiency. Leonard, 171 S.W.3d at 459 (citing Bocquet, 972 S.W.2d at 21). In
a legal sufficiency challenge, we must determine whether there is more than a scintilla of evidence
to support the finding. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). We review the
evidence in the light most favorable to the challenged finding, crediting favorable evidence if a
reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could
not. Id. at 821-22, 827. More than a scintilla of evidence exists if the evidence rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions. Ford Motor Co.
v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we
consider and weigh all the evidence in the record, both in support of and against the finding, and set
aside a finding only if the evidence that supports it is so weak or against the great weight and
preponderance of the evidence that it is clearly wrong and manifestly unjust. Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).


DISCUSSION

 Chapter 11 of the civil practice and remedies code provides that, within ninety days
of filing an original answer, a defendant may move for an order declaring the plaintiff a vexatious
litigant and requiring the plaintiff to furnish security. Tex. Civ. Prac. & Rem. Code Ann. § 11.051. 
The security is for the benefit of the moving party and serves as an undertaking by the plaintiff to
assure payment of the moving party's reasonable expenses incurred in or in connection with the
litigation, including costs and attorneys' fees. Id. § 11.055. On the filing of a motion under section
11.051, the litigation is stayed until the district court rules on the motion. The district court may
determine that the plaintiff is a vexatious litigant if the moving party demonstrates that there is not
a reasonable probability that the plaintiff will prevail in the litigation and: 


 after a litigation has been finally determined against the plaintiff, the
plaintiff repeatedly relitigates or attempts to relitigate, in propria
persona, either: 


 (A) the validity of the determination against the same defendant as to
whom the litigation was finally determined; or


 (B) the cause of action, claim, controversy, or any of the issues of fact
or law determined or concluded by the final determination against the
same defendant as to whom the litigation was finally determined.


Id. § 11.054(2). If the motion is granted, the district court must order the plaintiff to furnish the
security by a date within its discretion, and if the plaintiff fails to do so, the district court must
dismiss the litigation as to the moving defendant. Id. §§ 11.055-.056.

 By one issue on appeal, Daniels "asks the Third Court of Appeals to determine if the
Trial Judge abused her discretion by arbitrarily considering prior orders to dismiss 'without
prejudice' equivalent to dismissal 'with prejudice' to deem Appellant a vexatious litigant." In his
brief, Daniels takes issue with two of the district court's findings supporting the conclusion that he
is a vexatious litigant: (1) that previous litigation between him and the defendants in the present case
has been "finally determined" against him, and (2) that the previous litigation involved the same
cause of action, claim, controversy or any of the issues of fact or law at issue in the present case.

 Daniels argues that the district court erred by concluding that the dismissal of the
2004 suit "without prejudice" was a "final determination" within the meaning of chapter 11 of the
civil practice and remedies code. See id. The record evidence establishes that Daniels did not
perfect an appeal of the dismissal of the 2004 suit, and that the district-court judgment became final
by operation of law. Daniels cites no authority for his contention that a dismissal without prejudice
is not a final determination within the meaning of the statute. While there is authority for the
proposition that a nonsuit without prejudice is not a final judgment, see, e.g., McGowen v. Huang,
120 S.W.3d 452, 462 (Tex. App.--Texarkana 2003, pet. denied), an order of dismissal
that completely disposes of the case is a final and appealable judgment. Armendaiz v. Ray,
215 S.W.2d 210, 212 (Tex. Civ. App.--San Antonio 1948, no writ); see also Hosey v. County of
Victoria, 832 S.W.2d 701, 703 (Tex. App.--Corpus Christi 1992, no writ) (order of dismissal for
want of prosecution was final judgment); Dilmore v. Russell, 519 S.W.2d 278, 280 (Tex. Civ.
App.--Dallas 1975, no writ) (judgment of dismissal is final in sense that it disposes of pending
action although not adjudicating merits).

 By arguing that the dismissal order "without prejudice" is not a final determination
of the prior litigation for purposes of declaring him a vexatious litigant, Daniels asks this Court to
hold that chapter 11 requires there to have been a prior determination on the merits of his claim. The
statute, however, simply requires that the prior determination was "final," not that it adjudicated the
merits of the claim. Daniels's apparent concern that application of chapter 11 results in the dismissal
of meritorious claims is unwarranted--a prerequisite to the district court's determination that a party
is a vexatious litigant is its conclusion that there is not a reasonable probability that the party will
prevail on his claims. See Tex. Civ. Prac. & Rem. Code Ann. § 11.054. The district court's
determination that Daniels is a vexatious litigant entails a finding that it was not reasonably probable
that Daniels would prevail in this litigation against these defendants. Daniels does not contend on
appeal that there was error in this finding.

 The evidence establishes not only that a final judgment had been rendered in the
2002 suit, but also that the 2004 suit was dismissed, no appeal was taken therefrom, and the
judgment in that case is final. This evidence is sufficient to support the district court's finding that
there had been a final determination of both the 2002 suit and the 2004 suit between Daniels and one
or more of the defendants in the instant case. See id. § 11.054(2).

 Daniels also complains of the district court's finding that there was no meaningful
difference between the pleadings in the 2004 suit and the pleadings in the instant suit. (2) After
comparing the pleadings in the 2004 suit to the pleadings in this case, we conclude that the evidence
supports the district court's implied finding that the instant suit is an attempt to relitigate the causes
of action and issues Daniels raised in the 2004 suit. In both cases, Daniels complains of a campaign
of harassment carried out by Huyck, and a civil conspiracy among Lockhart, Huyck, Terry, and
Schexnayder to cause him financial harm. Both suits contain allegations that Lockhart and
Bickerstaff Heath exercised undue influence over the trial judge, and that they derived their influence
through judicial campaign contributions. The only difference between the two suits that Daniels
identifies is "the removal of the malicious prosecution claim, and the inclusion of additional
evidence." The elimination of a claim in the instant case does not make the remaining claims
different from those made in the 2004 suit. Nor do additional allegations supporting a cause of
action change its nature. The evidence supports the trial court's finding that there was no meaningful
distinction between Daniels's claims in the instant case and those stated in the 2004 suit. The statute
requires only a repeated relitigation or attempted relitigation of "any of the issues of fact or law"
previously determined.

 Moreover, a determination of the issues raised in this case would also require
relitigating issues of fact or law already decided in the 2002 suit. For example, to demonstrate that
Lockhart and Bickerstaff Heath exercised undue influence over the district judge in the 2002 suit,
as alleged in the present case, Daniels would be required to show that the trial court in the 2002 suit
was not fair or impartial. This Court has already rejected Daniels's claim that the trial court
in the 2002 suit "made it obvious" that it favored Balcones Woods Club and "effectively
eliminated any possibility of discovering the complete truth behind this matter." See Daniels,
2006 Tex. App. LEXIS 957, at *6-9. We conclude that the trial court did not act unreasonably in
finding that, in bringing the instant case, Daniels was repeatedly attempting to relitigate causes of
action or issues of fact or law finally determined against him in previous litigation. Therefore, the
trial court did not abuse its discretion in declaring Daniels a vexatious litigant under chapter 11 of
the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §11.054. We overrule
Daniels's sole issue.


CONCLUSION

 Having found no abuse of discretion in the district court's determination that Daniels
is a vexatious litigant pursuant to chapter 11 of the civil practice and remedies code, we affirm the
district court's orders of dismissal.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Pemberton

Affirmed

Filed: May 19, 2009

1. Having found that, after amendment, Daniels's petition failed to state a cause of action, the
trial court could have dismissed the case with prejudice. See Lentworth v. Trahan, 981 S.W.2d 720,
722-23 (Tex. App.--Houston [1st Dist.] 1998, no pet.) (citing Hubler v. City of Corpus Christi,
564 S.W.2d 816, 823 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.)); accord Kutch v. Del
Mar College, 831 S.W.2d 506 (Tex. App.--Corpus Christi 1970, writ ref'd n.r.e.) (distinguishing
between pleadings that state valid cause of action and those that do not and holding trial court cannot
dismiss case with prejudice if pleadings state valid cause of action but are vague, overbroad, or
otherwise susceptible to valid special exceptions). It is unclear why the dismissal of the 2004 suit
was without prejudice.
2. Although not raised by any discrete issue, we address this argument because Daniels
includes it in his brief. Appellate issues are to be construed reasonably, yet liberally, so that the right
to appellate review is not lost by waiver. See El Paso Natural Gas v. Minco Oil & Gas, Inc.,
8 S.W.3d 309, 316 (Tex. 1999). Appellate courts should reach the merits of an appeal whenever
reasonably possible. Perry v. Cohen, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).