C. A. MOSHER, Appellant,

v.

Brady TUNNELL et al., Appellees.

No. 14677.

Court of Civil Appeals of Texas.

Houston.

Jan. 13, 1966.

Rehearing Denied March 17, 1966.

Oldham & Lorance, Arthur Stamm, Jr., Houston, for appellant.

Foreman, Dyess, Prewett, Henderson & Cantey, Houston, H. H. Prewett, Hellmut A. Erwing, Houston, of counsel, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court dismissing appellant's suit for failure to comply with the trial court's order requiring that plaintiff give security for costs in the amount of $2,000.00.

On May 19, 1961, C. A. Mosher filed suit against Brady Tunnell and his daughter, Vivian Ruth Tunnell, to recover damages for personal injuries allegedly suffered by him when an automobile driven by the daughter collided with Mosher's automobile. At the time of filing suit a deposit of $35.00 to cover costs was made with the Clerk. An answer was filed June 8, 1961.

On December 10, 1964, Mary G. Mosher filed a motion with the court reciting C. A. Mosher had been declared mentally incompetent by the County Court No. 2 of Galveston County, and that she had been appointed legal guardian of the person and estate of C. A. Mosher. She prayed that she, as guardian, be substituted as party plaintiff. An order substituting her as plaintiff in such capacity was entered December 14, 1964.

On January 15, 1965, Mary G. Mosher in her capacity as legal guardian of C. A. Mosher filed a first amended original petition. In it she alleged that Vivian Ruth Tunnell was a minor without a guardian, and asked that a guardian ad litem be appointed for her. On January 19, 1965, Mr. Charles Hancock was appointed her guardian ad litem.

On February 2, 1965, the defendants, through counsel, moved that the "Plaintiff" be ruled to give security for costs. The motion affirmatively reflected that the plaintiff was "Mary G. Mosher, Legal Guardian for C. A. Mosher."

Of course, a guardian appointed by a court cannot be required to give security for costs when suit is being maintained, as was this one, in her fiduciary capacity. Article 2072, Vernon's Ann.Tex.Civ.St.

On February 8, 1965, Mary G. Mosher, as legal guardian, without raising the question that she could not be required to give security for costs, filed a pauper's oath asserting she was, because of her poverty, unable to pay costs of suit or to give security therefor.

On March 12, 1965, the defendants filed a contest, asserting: "Plaintiff was fully able to make a *deposit of court costs* suitable under the circumstances." (Emphasis ours.)

On March 18, 1965, Mary G. Mosher, individually and as community survivor and independent executrix and sole devisee under the will of Clarence A. Mosher, deceased, filed "Plaintiff's Second Amended Original Petition" in which she made known that Clarence A. Mosher died February 23, 1965, and she in the capacities stated became plaintiff.

On April 9, 1965, the court entered an order reciting that the "Plaintiff had had due notice of such motion" and decreeing that plaintiff was ruled to give security for costs as required by law in the amount of $2,000.00.

On May 3, 1965, the court entered its judgment dismissing the cause because the plaintiff had not given security for costs.

The appeal is here on transcript only. The transcript contains certificates by the Clerk, whose duty it is to keep a record of costs and the deposits made for costs. These certificates reflect that the amount of costs taxed against appellant on dismissal on May 3, 1965, was $109.01. The certificate shows, however, that of this amount $6.75 was for preparing a transcript on appeal, so that the costs accrued at the

time of dismissal amounted to $102.26. Another certificate by the Clerk shows that plaintiff made a deposit of $35.00 when suit was filed. The result is that at the time of dismissal accrued costs unpaid amounted to $67.26. On June 2, 1965, appellant deposited $72.26 as a cost deposit in lieu of an appeal bond. The result is that as of June 2 there was on deposit in cash an amount sufficient to cover accrued costs. Later in June a supplemental transcript was ordered which cost $11.00 and $9.25 was paid on June 15. Another transcript of June 30 was $4.75, and it was not paid for except as the cash deposit in lieu of an appeal bond would be liable for it. The net result is that as of June 2, if the cash bond in lieu of an appeal bond is considered, there was enough cash on hand to cover accrued costs as of May 3, the date of the order of dismissal. As of the date of submission here there would, because of the cost of supplemental transcripts, be a deficiency of $1.50. Appellant offered in oral argument to tender this amount.

For reversal, appellant relies on the following three points of error:

1. The action of the trial court in ruling appellant for costs in the amount of $2,000.00 and in dismissing the case was a gross and clear abuse of discretion.

2. The court in ruling appellant for costs not yet accrued was in violation of Rules 143 and 146, T.R.C.P. in that a rule for costs lies for accrued costs only.

3. The basis of the court's ruling appellant for costs in the amount of $2,000.00 was the anticipated compensation of a fee for the guardian ad litem for the minor and the former minor is now an adult so the reason for fixing a larger amount no longer exists.

Rule 143 provides that the plaintiff may be ruled to *give security* for costs upon motion of the defendant or any officer of the court interested in the costs accruing. Rule 144 provides that *"all bonds given as security for costs* shall authorize judgment against all the obligors in such bond for said costs, to be entered in the final judgment of the cause." Rule 145 provides for the filing of an affidavit by one who is required to give security for costs of court and to give security therefor. It also provides that a party to the suit, clerk or justice of the peace may contest the affidavit. Rule 146 provides that in lieu of a bond for costs, the party required to give same may deposit with the clerk or justice of the peace such sum as the court or justice from time to time designate as sufficient to pay accrued costs.

■ We are of the view that Rule 143 provides for a bond conditioned that the principal and the sureties will pay all costs as may be adjudged against the principal in trial of the case. It is in effect an open bond to secure payment of whatever costs might accrue. It does not authorize the court to fix a specific amount of the bond. We think this construction is supported by the language that a party interested in costs *accruing* may file a motion to rule the plaintiff for costs. Too, Rule 144 provides the bond shall authorize judgment against the obligors for said costs. This means such costs as shall be adjudged against the principal whatever be the amount. If a bond in a fixed amount were contemplated the rule would provide in substance for liability for costs to the extent of the amount of the bond.

Too, we are of the view that the form of the contest of the affidavit is such that the defendants were not contesting the inability of plaintiff to give security for costs but limited their contest to the asserted inability to pay costs because the contest stated: "Plaintiff was fully able to make a deposit of court costs suitable under the circumstances."

■ The deposit of court costs, as distinguished from a bond as security for costs, is provided for by Rule 146 and clearly contemplates a deposit only for

accrued costs. The accrued costs were in the small amount shown above by the Clerk's certificates. The effect of the court's fixing an amount of $2,000.00 was, therefore, contrary to Rule 146, and in amount certainly amounts to an abuse of discretion. The amount fixed being thus unauthorized, it was error for the court to dismiss the suit when it was not paid.

The judgment of the trial court is reversed and remanded, with instructions to set aside the judgment of dismissal and reinstate the cause. Of course, on such reinstatement the parties may proceed with regard to costs in a manner prescribed by the rules.

Reversed and remanded with instructions.