Don DILMORE, Trustee, Appellant,

v.

Ralph RUSSELL et al., Appellees.

No. 18485.

Court of Civil Appeals of Texas, Dallas.

Jan. 30, 1975.

Willis E. Kuhn, II, Hewett, Johnson, Swanson & Barbee, Dallas, for appellant.

Luther Truett, Truett & Warden, McKinney, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This appeal presents the question: May a trial court, pursuant to Texas Rules of Civil Procedure, rule 143, as amended, 1970, require a party seeking affirmative relief to produce a bond, or other security for cost, in a specified amount?

Don Dilmore, Trustee, brought this action in the district court of Collin County, Texas, against Ralph Russell and others, seeking specific performance of a contract to convey real property located in Collin County, Texas. Thereafter, and prior to the time the case was set for trial on its merit some of the defendants filed their motion that plaintiff be required to give security for cost. On June 28, 1974, after due notice, the court heard the motion and ordered plaintiff to give security for cost and specifically stating: " . . . said security to be by bond or in the offering of other security in keeping with the statute and order of this court in the sum of $100,000 . . . ."

On July 2, 1974, Dilmore requested the clerk of the district court of Collin County, Texas, to supply him with the total amount of costs accrued in the case to date. On July 3, 1974, the clerk advised that the amount of costs accrued in the cause to date was $67.50. Thereafter, on July 17, 1974, Dilmore's attorney forwarded check in the sum of $67.50 to pay accrued costs "in lieu of a bond as authorized by Rule 146 of the Texas Rules of Civil Procedure." The clerk accepted this amount and gave due credit therefor.

On July 19, 1974, the trial court, without issuance of notice to Dilmore, entered an order dismissing the suit. We reverse the judgment and reinstate the cause.

The precise question now before us was presented in Mosher v. Tunnell, 400 S.W. 2d 402 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.), in which the trial court had dismissed the case because plaintiff had failed to comply with the court's order to make a bond for cost in the sum of $2,000. The record in that case revealed that at the time of dismissal the accrued court costs unpaid amounted to $67.26. The court, in reversing the order of dismissal, said that Tex.R.Civ.P. 143 and 144 should be interpreted to require an open end bond rather than a bond for a specific amount:

We are of the view that Rule 143 provides for a bond conditioned that the principal and the sureties will pay all costs as may be adjudged against the principal in trial of the case. It is in effect an open bond to secure payment of whatever costs might accrue. It does not authorize the court to. fix a specific amount of the bond. We think this construction is supported by the language that a party interested in costs *accruing* may file a motion to rule the plaintiff for costs. Too, Rule 144 provides the bond shall authorize judgment against the obligors for said costs. This means such costs as shall be adjudged against the principal whatever be the amount. If a bond in a fixed amount were contemplated the rule would provide in substance for liability for costs to the extent of the amount of the bond.

The court concluded by stating that the deposit of court costs, as distinguished from a bond as security for costs, is provided for by Tex.R.Civ.P. 146 and clearly contemplates a deposit only for accrued costs. The court held that the action on the part of the trial court in requiring a bond in a fixed amount of $2,000 was contrary to Rule 146 and amounted to an abuse of discretion.

In Buck v. Johnson, 495 S.W.2d 291 (Tex.Civ.App.—Waco 1973, no writ), the court expressed approval of the "open end" bond for costs, citing with approval Mosher v. Tunnell, *supra.*

We think that the rationale of the court in *Mosher* is applicable to the factual situation here presented. The trial court clearly abused its discretion in requiring a bond in a fixed sum.

Appellee advances the argument that this appeal should be dismissed because the judgment of the trial court is not final. We overrule this contention. ·The judgment is final in the sense that it effectively disposes of the pending action, although it does not adjudicate the merits.

Reversed and remanded.