

# The Attorney General of Texas

January 21, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Joyce Tompkins
Fort Bend County Auditor
P. O. Drawer 549
Richmond, Texas    77469

Opinion No.  MW-431

Re:  Procedure to be followed
by justice of peace in forcible
entry and detainer actions and
writs of restitution

Dear Ms. Tompkins:

You ask whether, in an action of forcible entry and detainer, it is:

> the correct procedure for [a justice of the peace]
> to collect the monies for the writ of restitution
> before the forcible detainer is served?

Articles 3973 through 3994, V.T.C.S., provide for an action of forcible entry and detainer.  Any justice of the peace of the precinct in which the property in question is situated has jurisdiction over such cause of action.  V.T.C.S. art. 3973.  Rules 738 through 755 of the Texas Rules of Civil Procedure govern the procedure therein.

Rule 748 states that:

> If the judgment or verdict be in favor of the plaintiff, the justice shall give judgment for plaintiff for restitution of the premises, costs, and damages; and he shall award his writ of restitution.  If the judgment or verdict be in favor of the defendant, the justice shall give judgment for defendant against the plaintiff for costs and any damages.  No writ of restitution shall issue until the expiration of five days from the time the judgment is signed.

Rule 755 provides that:

> The writ of restitution, or execution, or both, shall be issued by the clerk of the county court according to the judgment rendered, and the same shall be executed by the sheriff or constable, as

in other cases; and such writ of restitution shall not be suspended or superseded in any case by appeal from such final judgment in the county court.

We understand from the context of your letter that you are essentially asking whether the following procedure is permissible; an aggrieved property owner files a written sworn complaint with a particular justice of the peace, said justice collects for the cost of executing the citation and, in addition, for the costs connected with issuing and executing a writ of restitution. The justice then allocates the charges for the writ of restitution between the county clerk and the sheriff or constable.

In order to answer your question, we must focus upon other rules of procedure. Rule 523 reads as follows:

All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules.

Rules 143 et. seq. apply to district and county courts. Rule 143 states that:

A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed.

Rule 144 reads as follows:

All bonds given as security for costs shall authorize judgment against all obligors in such bond for the said costs, to be entered in the final judgment of the cause.

Rule 146 states that:

In lieu of a bond for costs, the party required to give the same may deposit with the clerk of court or the justice of the peace such sum as the court

> or justice from time to time may designate as
> sufficient to pay the accrued costs.

See also Rules 145 (Affidavit of Inability); 148 (Secured by other bond).

Although some provisions of Rules 143 et. seq. were amended in 1971, said provisions were the same in all material respects in 1966, when Mosher v. Tunnell, 400 S.W.2d 402 (Tex. Civ. App. - Houston 1966, writ ref'd n.r.e.), was decided. In that case the court stated as follows:

> We are of the view that Rule 143 provides for a
> bond conditioned that the principal and the
> sureties will pay all costs as may be adjudged
> against the principal in trial of the case. It is
> in effect an open bond to secure payment of
> whatever costs might accrue. It does not
> authorize the court to fix a specific amount of
> the bond... Too, Rule 144 provides the bond shall
> authorize judgment against the obligors for said
> costs. This means such costs as shall be adjudged
> against the principal whatever be the amount...
> The deposit of court costs, as distinguished from
> a bond as security for costs, is provided for by
> Rule 146 and clearly contemplates a deposit only
> for accrued costs.... (Emphasis added).

400 S.W.2d at 404-05.

In Buck v. Johnson, 495 S.W.2d 291 (Tex. Civ. App. - Waco 1973, no writ), the court, relying upon Mosher v. Tunnell, supra, stated that:

> Taking [Rules 143, 146, and 148] together... they
> mean this: When a party is ruled for costs, he is
> required to timely furnish and file an open end
> cost bond; however, the party may, at his option,
> in lieu of a cost bond file with the clerk such
> sums as the court may from time to time require to
> cover accrued costs. In other words, the option
> lies with the party ruled for costs, and not with
> the court, as to whether a cost bonds shall be
> furnished or a deposit in lieu of bond. (Emphasis
> in original).

495 S.W.2d at 298. See also, Dilmore v. Russell, 519 S.W.2d 278 (Tex. Civ. App. - Dallas 1975, no writ).

A writ of restitution is a post-judgment remedy, the purpose of which is to restore the property at issue in the forcible detainer action to the party adjudged to be in rightful possession thereof. In a particular case, the writ may never issue. For example, the writ would not issue if the defendant prevails in the suit. If the writ does issue, it will issue only after judgment in the case is rendered -- to be precise, not less than five days after the judgment is signed. See Rule 748.

The cases discussed above highlight a crucial distinction between Rules 143 and 146. The former permits a court to rule the party seeking affirmative relief for costs, in which event said party must furnish and file an open-end cost bond. This bond will secure payment of "whatever costs might accrue." Mosher v. Tunnell, supra, at 401. Under Rule 146, however, said party may elect to file with the clerk of the court such sums as the court may require to cover accrued costs. In short, Rule 143 contemplates a cost bond covering costs that might accrue in the future, while Rule 146 permits the payment of costs already accrued.

Based on the facts you present, we conclude that the precise procedure you describe is impermissible. The justice of the peace is in effect requiring complainants in forcible entry and detainer actions to pay for costs that might or might not accrue at the time they file their complaint. This cannot be done. First, at the time the complaint is filed, it will not be known whether a writ of restitution will ever issue. If such a writ is awarded, it may not issue until the expiration of five days after the judgment is signed. Thus, when the complaint is filed, the costs connected with the writ will not have "accrued" within the meaning of Rule 146. Second, Buck v. Johnson, supra, holds that the option lies with the party ruled for costs, not with the court, as to whether to furnish a cost bond or a deposit in lieu of a bond. Thus, even when the costs connected with the writ do accrue, the court could not order them paid in the manner prescribed in Rule 146.

We emphasize, however, that although the justice may not proceed in the manner you describe, he may, pursuant to Rule 143, require the complainant to furnish security for costs at the time the complaint is filed, or thereafter.

## S U M M A R Y

In an action of forcible entry and detainer, a justice of the peace may not collect the costs connected with a writ of restitution when the

complaint is filed.  He may, however, require the
complainant to furnish security for costs.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood