

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-397-CV

KIM HACKLER, INDIVIDUALLY AND          APPELLANTS
AS NEXT FRIEND FOR C.H., A MINOR,
AND STEVE HACKLER, INDIVIDUALLY
AND AS NEXT FRIEND FOR C.H., A MINOR

V.

N.D., INGRID DEPINTO, JOE DEPINTO,          APPELLEES
T.W., KELLY WHEELER, STEVE WHEELER,
A.M., JANE MCBRIDE, PAUL MCBRIDE,
L.G., KATHY GLENN, AND BILL GLENN

------------

### FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION AND BACKGROUND

This is a summary judgment appeal. Seventh- and eighth-grade students

in a middle-school journalism class made verbal and written statements to their

---

[1] *See* Tex. R. App. P. 47.4.

journalism teacher, to other school officials, and to on-campus police following a classroom incident involving a fellow classmate, C.H. In the statements, the students accused C.H. of making threats to them.[2] As a result of the statements, Appellants, who are the parents of C.H., sued Appellees, who are students from the journalism class and those students' parents,[3] alleging causes of action for libel, slander, negligence, gross negligence, and asserting that the Appellee parents were vicariously liable for any torts of their children. The DePinto Appellees, Wheeler Appellees, McBride Appellees, and Glenn Appellees filed separate motions for summary judgment, which the trial court granted without specifying the grounds for doing so. Appellants perfected this appeal, raising four issues challenging the trial court's summary judgment and complaining of a cost bond that the trial court required them to post. We will affirm.

## II. STANDARD OF REVIEW

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars*

---

[2] The Tarrant County District Attorney's office brought criminal charges for terroristic threats against C.H. but later dismissed the charges on the condition that C.H. would perform twenty-four hours of community service.

[3] Appellants also sued various school administrators, but they are not involved in this appeal as appellees or otherwise.

*Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* Tex. R. Civ. P. 166a(b), (c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

### III. APPELLANTS' STRICT LIABILITY PLEADING DOES NOT STATE AN INDEPENDENT CAUSE OF ACTION

In their first issue, Appellants argue that the trial court erred by granting a final summary judgment because Appellees' motions for summary judgment failed to address Appellants' strict liability claim. Appellants contend that they included this strict liability claim in their fourth amended original petition, which was filed after Appellees filed their motions for summary judgment and before the summary judgment hearing. Appellants' fourth amended original petition provides, in pertinent part,

3

## COUNT 3-STRICT LIABILITY

Because on all occasions alleged herein, in paragraph IV, 4, Defendants [DePinto, Wheeler, McBride, and Glenn] were private parties and published false and defamatory statements regarding [C.H.], also a private party, regarding matters that were private, not public, matters, Defendants are strictly liable to Plaintiffs for the false and defamatory oral and written statements, which proximately caused harm to Plaintiffs.

This paragraph of Appellants' pleading, however, does not state an independent, stand-alone cause of action. It simply pleads a defamation cause of action and claims a particular standard of proof is applicable to damages *in a defamation action* when a private plaintiff sues a non-media defendant.[4] *See generally* 4 J. Hadley Edgar, Jr. & James B. Sales, *Texas Torts and Remedies* §§ 52.01, 52.09 (2008); *see also WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998) (stating that to maintain a defamation cause of action, the plaintiff must prove that the defendant (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, *or negligence, if the plaintiff was a private individual*, regarding the truth of the statement), *cert. denied*, 526 U.S. 1051 (1999); *Abdel-Hafiz v. ABC, Inc.*, 240 S.W.3d 492, 505 (Tex. App.—Fort Worth 2007, pet. denied) (same). Because Appellants'

---

[4] At oral argument, Appellants' attorney conceded that strict liability in the defamation context was a standard of proof that may be applied in a defamation suit, i.e., to damages.

4

allegations in Count 3 of their fourth amended original petition attempt to plead a defamation cause of action, not an independent cause of action that would deprive the trial court's summary judgment of finality for failure to dispose of all causes of action,[5] we hold that the trial court's order granting Appellees' motions for summary judgment properly disposed of all causes of action pending against Appellees.[6] *Accord generally Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (holding that "[a] motion for summary judgment must itself expressly present the grounds upon which it is

---

[5] Appellants point out that at the hearing on Appellees' motions for summary judgment the trial court stated as follows:

> [APPELLANTS' ATTORNEY]: But, Your Honor, we have the strict liability pleading, and there is nothing in their motions for summary judgment that addresses that.

> THE COURT: Yeah, I understand that. And if they want to file a summary judgment motion as to your new pleading at a later time, then we will deal with that at a later time.

But the trial court subsequently signed a final summary judgment. The trial court's judgment prevails and controls over any on-the-record comments made by the trial court. *See, e.g., Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (stating that written judgment controls over the trial court's oral pronouncements).

[6] After signing the summary judgment, the trial court signed an order severing out Appellants' claims against the school administrators. Appellants' complaint in their first issue is that the summary judgment for Appellees is not final because it failed to dispose of Appellants' purported strict liability claim asserted against Appellees, not that it failed to dispose of all parties.

5

made, and must stand or fall on these grounds alone"); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding) (holding that a summary judgment that does not dispose of all issues and parties is interlocutory and may not be appealed absent statutory authority permitting an interlocutory appeal).  We overrule Appellants' first issue.

## IV.  DEPINTO APPELLEES' NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT IS SUFFICIENTLY SPECIFIC

In their second issue, Appellants argue that the trial court erred by granting the no-evidence motion for summary judgment filed by the DePinto Appellees.  Appellants do not challenge the merits of the trial court's ruling but instead argue only that the DePinto Appellees' no-evidence motion failed to identify the elements of the claims on which the DePinto Appellees claimed no evidence existed.[7]

A no-evidence motion must state the elements as to which there is no evidence and must be specific in challenging the evidentiary support for a claim or defense; rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case.  Tex. R. Civ. P. 166a(i) & cmt.  A no-evidence challenge that only generally challenges the sufficiency of the

---

[7] Within their second issue, Appellants also argue that the DePinto Appellees failed to address Appellants' "claim" for strict liability, but we have disposed of this argument above.

6

nonmovant's case and fails to state specific elements is fundamentally defective and insufficient to support summary judgment as a matter of law. *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.). But a specific attack on the evidentiary components that might prove a certain element is unnecessary, as long as the element itself is specifically challenged. *See* Timothy Patton, Summary Judgment in Texas, Practice, Procedure and Review § 5.03[2][b] (3d ed. 2006).

The DePinto Appellees' no-evidence summary judgment motion set forth specifically fifteen elements on which they claimed that no evidence existed. This list includes the allegations that there was no evidence: (1) that they had breached a duty of care to Appellants; (2) that Appellants' alleged special or general damages were reasonably foreseeable to the DePinto Appellees; (3) that Appellants' reputation in the community had been damaged; (4) that Appellants had been exposed to public hatred, ridicule, or financial injury; (5) that Appellants' alleged special or general damages were proximately caused by the DePinto Appellees' alleged negligence or intentional conduct; and (6) that Appellants' alleged special damages were reasonable, necessary, or causally connected to the DePinto Appellees' alleged acts and omissions or intentional conduct. These no-evidence challenges include challenges to at least one

7

element of every claim asserted by Appellants and are sufficiently specific to pass rule 166a(i) muster. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Fieldtech Avionics & Instruments, Inc. v. Component Control.com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.) (holding that statements that "there is no evidence that Fieldtech did not receive the Software it leased or that the Software did not perform" and "there is simply no evidence of any misrepresentation or unconscionable act by Component Control" were sufficiently specific to pass rule 166a(i) muster).

We overrule Appellants' second issue.

## V. AFFIRMATIVE DEFENSES NOT CHALLENGED ON APPEAL

In their third issue, Appellants argue that the trial court erred by granting summary judgment for the Wheeler, Glenn, and McBride Appellees. The Glenn Appellees and the McBride Appellees pleaded the affirmative defense of substantial truth and moved for summary judgment on the ground that they had conclusively established this affirmative defense. In their brief in this court, Appellants do not challenge the trial court's summary judgment on the ground that Appellees failed to conclusively establish every element of the affirmative defense of substantial truth. In fact, after Appellees brought to our attention that Appellants had failed to challenge on appeal every possible basis for the

8

trial court's summary judgment, Appellants' asserted in their reply brief that they were not required to address the affirmative defense of substantial truth.[8]

When a trial court does not specify the grounds upon which summary judgment is based, an appellant must specifically challenge every possible ground for rendition of summary judgment. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex. App.—Dallas 2003, no pet.). An appellant must attack all independent bases that support a trial court's ruling. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.). If an appellant does not challenge an independent ground supporting the trial court's judgment, we must accept the validity of the ground and affirm on that basis. *See id.*; *see also Wilson v. Andrews*, No. 02-06-00429-CV, 2007 WL 2460356, at *2–3 (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied) (mem. op.) (affirming summary judgment on affirmative defenses not challenged by appellants); *Bracy v. Wal-Mart Stores, Inc.*, No. 02-06-00223-CV, 2007 WL 1228642, at *2 (Tex. App.—Fort Worth Apr. 26, 2007, no pet.) (mem. op.) (same).

---

[8] To alleviate the possibility that a mistaken statement had been placed in Appellants' reply brief, Appellants' counsel was asked, and confirmed, during oral argument that it was her position that Appellants had no duty to discuss or to refute on appeal Appellees' affirmative defense of substantial truth.

Here, Appellants do not argue that it was error for the trial court to grant summary judgment for the Glenn and McBride Appellees on their affirmative defense of substantial truth. Because summary judgment may have been granted, properly or improperly, on this affirmative defense—a ground that Appellants do not challenge—we must affirm the summary judgment granted in favor of the Glenn and McBride Appellees. *See, e.g.*, *Malooly Bros., Inc.*, 461 S.W.2d at 121. We overrule Appellants' third issue as it relates to the Glenn Appellees and the McBride Appellees.

The Wheeler Appellees pleaded and moved for summary judgment on the affirmative defense of qualified privilege. Appellants do not challenge on appeal this basis for the trial court's summary judgment for the Wheeler Appellees. Because summary judgment may have been granted, properly or improperly, on this affirmative defense—a ground that Appellants do not challenge—we must affirm the summary judgment granted in favor of the Wheeler Appellees. *See, e.g.*, *Malooly Bros., Inc.*, 461 S.W.2d at 121. We overrule the remainder of Appellants' third issue relating to the Wheeler Appellees.[9]

_____

[9] Because the trial court's summary judgment can be affirmed for the Wheeler, Glenn, and McBride Appellees on their affirmative defenses, we need not address the other complaints Appellants raise in issue three concerning the summary judgment granted for the Wheeler, Glenn, and McBride Appellees. *See* Tex. R. App. P. 47.1.

10

## VI. APPROPRIATE COST BOND

During discovery in the underlying litigation, the DePinto Appellees noticed C.H.'s deposition; they twice agreed to reschedule it and renoticed the deposition. As the third scheduled date for C.H.'s deposition approached, Appellants notified the DePinto Appellees' attorney that C.H. was suffering from medical conditions and, based on the advice of his healthcare providers, would be unable to return to Tarrant County for his deposition. The DePinto Appellees filed a motion for sanctions. The trial court heard the DePinto Appellees' motion and later signed an order stating that it was "of the opinion that defendants' motion is well taken and should be granted" and that Appellants "shall give security for court costs pursuant to the provisions of TRCP 143." The trial court's order does not set an amount for anticipated future costs, but orders only that Appellants give security "for costs," i.e., accrued costs.

In their fourth issue, Appellants argue that the trial court erred by requiring them to file a cost bond as a discovery sanction and assert that the bond is open-ended so it could not possibly bear a direct relationship to their offensive conduct, if any, in this case.

Texas Rule of Civil Procedure 143 states that

> [a] party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed.

Tex. R. Civ. P. 143. Rule 143 generally allows the trial court to require a party to post security for costs that have already accrued but not to fix a specific amount for anticipated future costs of the case. *TransAm. Natural Gas Corp. v. Mancias*, 877 S.W.2d 840, 844 (Tex. App.—Corpus Christi 1994, orig. proceeding) (conditionally granting writ when trial court ordered each party to deposit $10,000 as a retainer for master's costs); *see also Johnson v. Smith*, 857 S.W.2d 612, 615 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *Mosher v. Tunnell*, 400 S.W.2d 402, 405 (Tex. Civ. App.—Houston 1966, writ ref'd n.r.e.). An order improperly requiring a fixed amount of security for costs entered prior to final judgment, moreover, is an abuse of discretion subject to being set aside by mandamus. *See TransAm. Natural Gas Corp.*, 877 S.W.2d at 844; *Johnson*, 857 S.W.2d at 615–16.

Here, Appellants take issue with the essence of rule 143—that is, they complain that the rule is in effect an open bond to secure payment of whatever costs might accrue. *See Mosher*, 400 S.W.2d at 404. But our job as a reviewing court is not to change the rule but to make sure that the trial court

12

did not abuse its discretion in invoking this rule. Analyzing the trial court's order in light of the rule, we cannot say that the trial court abused its discretion when it ordered Appellants to "give security for court costs pursuant to the provisions of TRCP 143." Moreover, because the rule allows the trial court to assess such costs on the court's own motion and because Appellants do not contest the fact that they failed to produce their son, C.H., for the deposition, we hold that the trial court did not abuse its discretion by ordering, in response to the DePinto Appellees' motion for sanctions, that Appellants give security for costs pursuant to the provisions of rule 143. *Cf. Adetunji v. W. Waste Indus., Inc.*, No. 01-98-00305-CV, 2000 WL 210408, at *1–2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2000, no pet.) (not designated for publication) (affirming trial court's judgment dismissing plaintiffs' claims for failure to post security for accrued costs, which the trial court had ordered as a result of defendants' motion for sanctions). We therefore overrule Appellants' fourth issue.

## VII. CONCLUSION

Having overruled Appellants' four issues, we affirm the trial court's judgment granting summary judgment in favor of Appellees.

SUE WALKER
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  July 16, 2009

14