COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-397-CV

 

 

KIM HACKLER, INDIVIDUALLY AND                                      APPELLANTS

AS NEXT FRIEND FOR C.H.,
A MINOR,

AND STEVE HACKLER,
INDIVIDUALLY 

AND AS NEXT FRIEND FOR
C.H., A MINOR

 

                                                   V.

 

N.D., INGRID DEPINTO, JOE DEPINTO,                                    APPELLEES

T.W., KELLY WHEELER,
STEVE WHEELER, 

A.M., JANE MCBRIDE, PAUL
MCBRIDE,

L.G., KATHY GLENN, AND
BILL GLENN

 

                                              ------------

 

           FROM THE 141ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                               I.  INTRODUCTION AND BACKGROUND








This is a summary judgment appeal.  Seventh- and eighth-grade students in a
middle-school journalism class made verbal and written statements to their
journalism teacher, to other school officials, and to on-campus police
following a classroom incident involving a fellow classmate, C.H.  In the statements, the students accused C.H.
of making threats to them.[2]  As a result of the statements, Appellants,
who are the parents of C.H., sued Appellees, who are students from the
journalism class and those students=
parents,[3]
alleging causes of action for libel, slander, negligence, gross negligence, and
asserting that the Appellee parents were vicariously liable for any torts of
their children.  The DePinto Appellees,
Wheeler Appellees, McBride Appellees, and Glenn Appellees filed separate
motions for summary judgment, which the trial court granted without specifying
the grounds for doing so.  Appellants
perfected this appeal, raising four issues challenging the trial court=s
summary judgment and complaining of a cost bond that the trial court required
them to post.  We will affirm. 

                                     II.  STANDARD OF REVIEW








A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b), (c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  IHS Cedars Treatment Ctr., 143 S.W.3d
at 798.

A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).

                          III.  APPELLANTS= STRICT LIABILITY PLEADING

                     DOES NOT STATE AN INDEPENDENT CAUSE OF ACTION

 

In their first issue, Appellants argue that the
trial court erred by granting a final summary judgment because Appellees= motions
for summary judgment failed to address Appellants= strict
liability claim.  Appellants contend that
they included this strict liability claim in their fourth amended original
petition, which was filed after Appellees filed their motions for summary
judgment and before the summary judgment hearing.  Appellants= fourth
amended original petition provides, in pertinent part,








                                 COUNT
3-STRICT LIABILITY

Because on all occasions alleged
herein, in paragraph IV, 4, Defendants [DePinto, Wheeler, McBride, and Glenn]
were private parties and published false and defamatory statements regarding
[C.H.], also a private party, regarding matters that were private, not public,
matters, Defendants are strictly liable to Plaintiffs for the false and
defamatory oral and written statements, which proximately caused harm to
Plaintiffs.













This paragraph of Appellants=
pleading, however, does not state an independent, stand-alone cause of
action.  It simply pleads a defamation
cause of action and claims a particular standard of proof is applicable to
damages in a defamation action when a private plaintiff sues a non-media
defendant.[4]  See generally 4 J. Hadley Edgar, Jr.
& James B. Sales, Texas Torts and Remedies '' 52.01,
52.09 (2008); see also WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571
(Tex. 1998) (stating that to maintain a defamation cause of action, the
plaintiff must prove that the defendant (1) published a statement; (2) that was
defamatory concerning the plaintiff; (3) while acting with either actual
malice, if the plaintiff was a public official or public figure, or
negligence, if the plaintiff was a private individual, regarding the truth
of the statement), cert. denied, 526 U.S. 1051 (1999); Abdel-Hafiz v.
ABC, Inc., 240 S.W.3d 492, 505 (Tex. App.CFort
Worth 2007, pet. denied) (same).  Because
Appellants= allegations in Count 3 of their
fourth amended original petition attempt to plead a defamation cause of action,
not an independent cause of action that would deprive the trial court=s
summary judgment of finality for failure to dispose of all causes of action,[5]
we hold that the trial court=s order
granting Appellees= motions for summary judgment
properly disposed of all causes of action pending against Appellees.[6]  Accord generally Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 912 (Tex. 1997) (holding that A[a]
motion for summary judgment must itself expressly present the grounds upon
which it is made, and must stand or fall on these grounds alone@); Cherokee
Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding)
(holding that a summary judgment that does not dispose of all issues and
parties is interlocutory and may not be appealed absent statutory authority
permitting an interlocutory appeal).  We
overrule Appellants= first issue.

                             IV.  DEPINTO APPELLEES= NO-EVIDENCE 

                 MOTION FOR SUMMARY JUDGMENT IS SUFFICIENTLY SPECIFIC 

 

In their second issue, Appellants argue that the
trial court erred by granting the no-evidence motion for summary judgment filed
by the DePinto Appellees.  Appellants do
not challenge the merits of the trial court=s ruling
but instead argue only that the DePinto Appellees=
no-evidence motion failed to identify the elements of the claims on which the
DePinto Appellees claimed no evidence existed.[7]








A no-evidence motion must state the elements as
to which there is no evidence and must be specific in challenging the
evidentiary support for a claim or defense; rule 166a(i) does not authorize
conclusory motions or general no-evidence challenges to an opponent=s
case.  Tex. R. Civ. P. 166a(i) &
cmt.  A no‑evidence challenge that
only generally challenges the sufficiency of the nonmovant=s case
and fails to state specific elements is fundamentally defective and
insufficient to support summary judgment as a matter of law.  Mott v. Red=s Safe
& Lock Servs., Inc., 249 S.W.3d 90, 98 (Tex. App.CHouston
[1st Dist.] 2007, no pet.).  But a
specific attack on the evidentiary components that might prove a certain
element is unnecessary, as long as the element itself is specifically
challenged.  See Timothy Patton,
Summary Judgment in Texas, Practice, Procedure and Review ' 5.03[2][b]
(3d ed. 2006).








The DePinto Appellees=
no-evidence summary judgment motion set forth specifically fifteen elements on
which they claimed that no evidence existed. 
This list includes the allegations that there was no evidence:  (1) that they had breached a duty of care to
Appellants; (2) that Appellants= alleged
special or general damages were reasonably foreseeable to the DePinto
Appellees; (3) that Appellants=
reputation in the community had been damaged; (4) that Appellants had been
exposed to public hatred, ridicule, or financial injury; (5) that Appellants= alleged
special or general damages were proximately caused by the DePinto Appellees= alleged
negligence or intentional conduct; and (6) that Appellants= alleged
special damages were reasonable, necessary, or causally connected to the
DePinto Appellees= alleged acts and omissions or
intentional conduct.  These no-evidence
challenges include challenges to at least one element of every claim asserted
by Appellants and are sufficiently specific to pass rule 166a(i) muster.  See Tex. R. Civ. P. 166a(i) & cmt.;
Fieldtech Avionics & Instruments, Inc. v. Component Control.com, Inc.,
262 S.W.3d 813, 824 (Tex. App.CFort
Worth 2008, no pet.) (holding that statements that Athere is
no evidence that Fieldtech did not receive the Software it leased or that the
Software did not perform@ and Athere is
simply no evidence of any misrepresentation or unconscionable act by Component
Control@ were
sufficiently specific to pass rule 166a(i) muster).

We overrule Appellants= second
issue.

                   V.  AFFIRMATIVE DEFENSES NOT CHALLENGED ON APPEAL

 








In their third issue, Appellants argue that the
trial court erred by granting summary judgment for the Wheeler, Glenn, and
McBride Appellees.  The Glenn Appellees
and the McBride Appellees pleaded the affirmative defense of substantial truth
and moved for summary judgment on the ground that they had conclusively
established this affirmative defense.  In
their brief in this court, Appellants do not challenge the trial court=s
summary judgment on the ground that Appellees failed to conclusively establish
every element of the affirmative defense of substantial truth.  In fact, after Appellees brought to our
attention that Appellants had failed to challenge on appeal every possible basis
for the trial court=s summary judgment, Appellants=
asserted in their reply brief that they were not required to address the
affirmative defense of substantial truth.[8]


When a trial court does not specify the grounds
upon which summary judgment is based, an appellant must specifically challenge
every possible ground for rendition of summary judgment.  See Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970); Jones v. Hyman, 107 S.W.3d 830, 832 (Tex.
App.CDallas
2003, no pet.).  An appellant must attack
all independent bases that support a trial court=s
ruling.  Hong Kong Dev., Inc. v.
Nguyen, 229 S.W.3d 415, 456 (Tex. App.CHouston
[1st Dist.] 2007, no pet.).  If an
appellant does not challenge an independent ground supporting the trial court=s
judgment, we must accept the validity of the ground and affirm on that
basis.  See id.; see also
Wilson v. Andrews, No. 02-06-00429-CV, 2007 WL 2460356, at *2B3 (Tex.
App.CFort
Worth Aug. 31, 2007, pet. denied) (mem. op.) (affirming summary judgment on
affirmative defenses not challenged by appellants); Bracy v. Wal-Mart
Stores, Inc., No. 02-06-00223-CV, 2007 WL 1228642, at *2 (Tex. App.CFort
Worth Apr. 26, 2007, no pet.) (mem. op.) (same).








Here, Appellants do not argue that it was error
for the trial court to grant summary judgment for the Glenn and McBride
Appellees on their affirmative defense of substantial truth.  Because summary judgment may have been
granted, properly or improperly, on this affirmative defenseCa ground
that Appellants do not challengeCwe must
affirm the summary judgment granted in favor of the Glenn and McBride
Appellees.  See, e.g., Malooly
Bros., Inc., 461 S.W.2d at 121.  We
overrule Appellants= third issue as it relates to
the Glenn Appellees and the McBride Appellees.

The Wheeler Appellees pleaded and moved for
summary judgment on the affirmative defense of qualified privilege.  Appellants do not challenge on appeal this
basis for the trial court=s summary judgment for the
Wheeler Appellees.  Because summary
judgment may have been granted, properly or improperly, on this affirmative
defenseCa ground
that Appellants do not challengeCwe must
affirm the summary judgment granted in favor of the Wheeler Appellees.  See, e.g., Malooly Bros., Inc.,  461 S.W.2d at 121.  We overrule the remainder of Appellants= third
issue relating to the Wheeler Appellees.[9]








                                  VI.  APPROPRIATE COST BOND

During discovery in the underlying litigation,
the DePinto Appellees noticed C.H.=s
deposition; they twice agreed to reschedule it and renoticed the
deposition.  As the third scheduled date
for C.H.=s
deposition approached, Appellants notified the DePinto Appellees=
attorney that C.H. was suffering from medical conditions and, based on the
advice of his healthcare providers, would be unable to return to Tarrant County
for his deposition.  The DePinto
Appellees filed a motion for sanctions. 
The trial court heard the DePinto Appellees= motion
and later signed an order stating that it was Aof the
opinion that defendants= motion is well taken and should
be granted@ and that Appellants Ashall
give security for court costs pursuant to the provisions of TRCP 143.@  The trial court=s order
does not set an amount for anticipated future costs, but orders only that
Appellants give security Afor costs,@ i.e.,
accrued costs.

In their fourth issue, Appellants argue that the
trial court erred by requiring them to file a cost bond as a discovery sanction
and assert that the bond is open-ended so it could not possibly bear a direct
relationship to their offensive conduct, if any, in this case.

Texas Rule of Civil Procedure 143 states that 








[a] party seeking affirmative relief may be ruled
to give security for costs at any time before final judgment, upon motion of
any party, or any officer of the court interested in the costs accruing in such
suit, or by the court upon its own motion. 
If such rule be entered against any party and he failed to comply
therewith on or before twenty (20) days after notice that such rule has been
entered, the claim for affirmative relief of such party shall be dismissed.

Tex. R. Civ. P. 143.  Rule 143
generally allows the trial court to require a party to post security for costs
that have already accrued but not to fix a specific amount for anticipated
future costs of the case.  TransAm.
Natural Gas Corp. v. Mancias, 877 S.W.2d 840, 844 (Tex. App.CCorpus
Christi 1994, orig. proceeding) (conditionally granting writ when trial court
ordered each party to deposit $10,000 as a retainer for master=s
costs); see also Johnson v. Smith, 857 S.W.2d 612, 615 (Tex. App.CHouston
[1st Dist.] 1993, orig. proceeding); Mosher v. Tunnell, 400 S.W.2d 402,
405 (Tex. Civ. App.CHouston 1966, writ ref=d
n.r.e.).  An order improperly requiring a
fixed amount of security for costs entered prior to final judgment, moreover,
is an abuse of discretion subject to being set aside by mandamus.  See TransAm. Natural Gas Corp., 877
S.W.2d at 844; Johnson, 857 S.W.2d at 615B16.








Here, Appellants take issue with the essence of
rule 143Cthat is,
they complain that the rule is in effect an open bond to secure payment of
whatever costs might accrue.  See
Mosher, 400 S.W.2d at 404.  But our
job as a reviewing court is not to change the rule but to make sure that the
trial court did not abuse its discretion in invoking this rule.  Analyzing the trial court=s order
in light of the rule, we cannot say that the trial court abused its discretion
when it ordered Appellants to Agive
security for court costs pursuant to the provisions of TRCP 143.@  Moreover, because the rule allows the trial
court to assess such costs on the court=s own
motion and because Appellants do not contest the fact that they failed to
produce their son, C.H., for the deposition, 
we hold that the trial court did not abuse its discretion by ordering,
in response to the DePinto Appellees= motion
for sanctions, that Appellants give security for costs pursuant to the
provisions of rule 143.  Cf. Adetunji
v. W. Waste Indus., Inc., No. 01-98-00305-CV, 2000 WL 210408, at *1B2 (Tex.
App.CHouston
[1st Dist.] Feb. 24, 2000, no pet.) (not designated for publication) (affirming
trial court=s judgment dismissing plaintiffs= claims
for failure to post security for accrued costs, which the trial court had
ordered as a result of defendants= motion
for sanctions).  We therefore overrule
Appellants= fourth issue.








                                          VII.  CONCLUSION

Having overruled Appellants= four
issues, we affirm the trial court=s
judgment granting summary judgment in favor of Appellees.

 

SUE
WALKER

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DELIVERED:  July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]The Tarrant County
District Attorney=s office brought criminal
charges for terroristic threats against C.H. but later dismissed the charges on
the condition that C.H. would perform twenty-four hours of community service.





[3]Appellants also sued
various school administrators, but they are not involved in this appeal as
appellees or otherwise.





[4]At oral argument,
Appellants= attorney conceded that
strict liability in the defamation context was a standard of proof that may be
applied in a defamation suit, i.e., to damages.





[5]Appellants point out that
at the hearing on Appellees= motions for summary judgment the trial court
stated as follows:

 

[APPELLANTS= ATTORNEY]:  But, Your Honor, we have the strict liability
pleading, and there is nothing in their motions for summary judgment that addresses
that.

 

THE COURT:  Yeah, I understand that.  And if they want to file a summary judgment
motion as to your new pleading at a later time, then we will deal with that at
a later time. 

 

But the trial court
subsequently signed a final summary judgment.  The trial court=s judgment prevails and
controls over any on-the-record comments made by the trial court.  See, e.g., Nine Greenway Ltd. v. Heard,
Goggan, Blair & Williams, 875 S.W.2d 784, 787 (Tex. App.CHouston [1st Dist.] 1994,
writ denied) (stating that written judgment controls over the trial court=s oral pronouncements).





[6]After signing the summary
judgment, the trial court signed an order severing out Appellants= claims against the
school administrators.  Appellants= complaint in their first
issue is that the summary judgment for Appellees is not final because it failed
to dispose of Appellants= purported strict
liability claim asserted against Appellees, not that it failed to dispose of
all parties.





[7]Within their second
issue, Appellants also argue that the DePinto Appellees failed to address
Appellants= Aclaim@ for strict liability,
but we have disposed of this argument above.





[8]To alleviate the
possibility that a mistaken statement had been placed in Appellants= reply brief, Appellants= counsel was asked, and
confirmed, during oral argument that it was her position that Appellants had no
duty to discuss or to refute on appeal Appellees= affirmative defense of
substantial truth.





[9]Because the trial court=s summary judgment can be
affirmed for the Wheeler, Glenn, and McBride Appellees on their affirmative
defenses, we need not address the other complaints Appellants raise in issue
three concerning the summary judgment granted for the Wheeler, Glenn, and McBride
Appellees.  See Tex. R. App. P.
47.1.